No. 9416.

## DOWNEY v. LEE.

PROMISSORY NOTE.—*Partial Answer to Complaint.*—In a suit upon two promissory notes, an answer purporting to bar the action, which at most only alleges matter in defence of one of the notes, is insufficient on demurrer.

SAME.—*False Representations.*—In such action an answer that the makers of

Downey *v.* Lee.

the note purchased a machine which failed to work as represented, etc., without averring that the note was given for the machine, is insufficient on demurrer.

From the Switzerland Circuit Court.

*J. D. Works* and *J. A. Works,* for appellant.
*W. D. Ward* and *T. Livings,* for appellee.

BEST, C.—This action was brought by the appellant against the appellee. The complaint consisted of two paragraphs. The first was based upon a note of $125, dated July 1st, 1878, and payable on or before the 1st of October, 1878. The second was upon a note of the same amount, same date, and payable one year later, both being executed by the appellee to the appellant.

The appellee filed an answer of two paragraphs. A demurrer was overruled to each, a reply filed, a trial had, a verdict returned for the appellee, and, over a motion for a new trial, judgment was rendered upon the verdict.

The errors assigned are that the court erred in overruling the demurrer to each paragraph of the answer, and in overruling the motion for a new trial.

The second paragraph of the answer is as follows: "And for second paragraph of substituted answer plaintiff says he admits he executed the note in suit, but says it was given for a threshing machine which he was to have on trial until the 1st day of October, 1878, and, if it did good work, and did not waste grain, on said day one York Cole was to sign said note, and the note was then to become binding, and the title to said machine was to vest in defendant and said Cole; that he took said machine and tried the same, and, it failing to do good work and wasting grain, to wit, one-tenth of the grain threshed, he notified plaintiff thereof, and that, he failing to make it do good work, or prevent its wasting grain, he, after said trials, on the 18th day of September, 1878, notified plaintiff he would return said machine, and that, while awaiting its removal, to protect it from the weather, he placed the said

machine in the barn of one Jacob Luthenberg, and that, on the 19th day of September, 1880, the said barn, and the said machine, without fault or neglect on defendant's part, was consumed by fire; and he says plaintiff ought not to recover."

This paragraph was clearly insufficient. It purports to answer the entire complaint, while the facts pleaded only tend to bar a recovery upon one of the notes; which one, is not even stated. The facts thus averred constituted no defence to the action, and the demurrer should have been sustained. *Reid* v. *Huston,* 55 Ind. 173; *Pouder* v. *Tate,* 76 Ind. 1.

The first paragraph of the answer avers substantially the same facts, except that it omits to allege that the note mentioned in it was executed in consideration of the purchase or contemplated purchase of said threshing machine. For the want of this averment, and for the reasons given why the second paragraph was bad, this paragraph was insufficient, and the demurrer should have been sustained. This conclusion renders it unnecessary to pass upon the questions arising upon the motion for a new trial, as they may not again arise. The judgment should be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things reversed, at the appellee's costs, with instructions to sustain the demurrer to each paragraph of the answer, with leave to amend.

Petition for a rehearing overruled.