Holman *et al. v.* Robbins.

Filed Sept. 28, 1892.

———————————————

No. 424.

HOLMAN ET AL. *v.* ROBBINS.

COUNTY COMMISSIONERS.—*Appeal from Decision of by One not Party to Proceeding.—Filing of Affidavit and Appeal Bond.*—Any person aggrieved by the decision of a board of county commissioners may appeal therefrom, although not a party to the proceeding, by filing in the office of the county auditor his affidavit setting forth that he has an interest in the matter decided, and that he is aggrieved by such decision, alleging explicitly the nature of his interest, and by filing his appeal bond, within the time specified by statute. Sections 5772–4, R. S. 1881.

SAME.—*Delay of Auditor in Filing Transcript.—Rights of Appellant not Affected thereby.*—The delay of the auditor in filing the transcript and papers until after the expiration of the period within which the statute (section 5774, R. S. 1881) directs the filing, is not good ground for the dismissal of the appeal. His delay will not be permitted to prejudice an appellant who has complied with the statutory requirements.

SAME.—*Appeal from.—Presumption Concerning Jurisdiction of Circuit Court.*—The circuit court being a court of general superior jurisdiction, and having authority to hear and determine an appeal from the decision of a board of county commissioners, it will be presumed, on appeal to the Appellate Court, that the things necessary to be done to confer jurisdiction of the appeal from the board of commissioners were done, the record being silent or not showing the contrary.

SAME.—*Money Expended on Account of Ditches.—Reimbursement of County for.—Right to Employ Attorneys to Secure.*—A board of county commissioners has authority to employ attorneys to take such legal measures as may be necessary to reimburse the treasury of the county for money paid out of the treasury on account of the location and repairing of ditches.

From the Fulton Circuit Court.

*M. A. Baker, J. Rowley, J. H. Bibbler, G. W. Holman,* and *R. C. Stevenson,* for appellants.

*S. Keith, P. M. Buchanan* and *O. F. Montgomery,* for appellee.

BLACK, J.—The appellants, George W. Holman and Julius Rowley, presented to the board of commissioners of Fulton county a claim for services amounting in the aggregate to $315. The board of commissioners, on the 19th of November, 1890, allowed the claim in full. ·The appellee, Alfred H. Robbins, appealed from the decision of the board, and on the 7th of January, 1891, filed in the office of the clerk of the court below a transcript.

The parties appeared in the court below on the 3d of February, 1891, and the appellants then moved to dismiss the appeal, assigning as grounds for the motion that the transcript did not disclose that Robbins was an authorized appellant; that it contained no record of any filing of an appeal bond or affidavit of the interest of Robbins; that it was not accompanied by any of the papers in the cause, and that nothing appeared as before the court except a certified copy of the bill of the appellants before the board of county commissioners and the order of the board allowing the same.

Pending this motion, on the 5th of February, 1891, the appellee filed his petition, or motion, for leave to file with the papers of the case all the papers and documents filed in the proceeding and the appeal bond.

The court granted leave to supply the papers as so asked by the appellee, and it overruled the motion to dismiss the appeal.

The record is in a confused and disjointed state, but it shows that the appellee, under such leave of court, filed the account of the appellants, which was allowed by the board of commissioners, and the appellee's affidavit for an appeal and his appeal bond approved by the county auditor, said affidavit and said appeal bond being endorsed by the auditor

as filed December 18th, 1890. There is also copied into the transcript of the record before us an additional transcript of the proceedings of the board of commissioners in the allowance of the claim, certified by said auditor on the 5th of February, 1891.

The court did not err in these rulings.

Section 5772, R. S. 1881, provides: " From any decision of such commissioners there shall be allowed an appeal to the circuit court by any person aggrieved; but if such person shall not be a party to the proceeding, such appeal shall not be allowed, unless he shall file in the office of the county auditor, his affidavit, setting forth that he has an interest in the matter decided, and that he is aggrieved by such decision, alleging explicitly the nature of his interest."

Section 5773, R. S. 1881, provides that the appeal shall be taken within thirty days after the time the decision is made, by the appellant's filing an appeal bond; and section 5774 provides that within twenty days after the filing of such appeal bond, the auditor shall make out a complete transcript of the proceedings of said board relating to the proceeding appealed from, and shall deliver the same and all the papers and documents filed in such proceeding, and the appeal bond to the clerk of the court to which the appeal is taken.

The delay of the auditor in filing the transcript and papers until after the expiration of the period within which the statute directs the filing is not good ground for the dismissal of the appeal. His delay will not be permitted to prejudice the appellant who has complied with the statutory requirements. *Day* v. *Herod,* 33 Ind. 197. It has been held that if material papers in the cause are not filed in the circuit court, they may be obtained on motion of either party. *Board, etc.,* v. *Loeb,* 68 Ind. 29.

The circuit court being a court of general superior jurisdiction, having authority to hear and determine such a cause on appeal, and the parties being before it, the presumption

exists upon appeal to this court that the proceedings of the circuit court were regular and valid, unless something to the contrary be shown by the record. Having proceeded in the cause, it would be presumed that the things necessary to be done to confer jurisdiction of the appeal from the board of commissioners were done, the record being silent or not showing the contrary.

The appellants also moved to strike out the affidavit for an appeal, the appeal bond and the record of their filing.

As the appellants in their brief admit that the action of the court in overruling this motion does not involve any question other than those involved in the preceding rulings mentioned, it need not be noticed further.

Afterward the claimants filed in the court below an amended complaint embracing a number of separate items of account, which the parties and the court treated as separate paragraphs of the complaint, and the court sustained a demurrer to all the items of account except the first two, amounting to the sum of thirty-five dollars.

Upon trial by the court there was a finding for the claimants in the sum last mentioned on the first two items of their claim, and against them upon the other items, and the court thereupon adjudged that the appellants were entitled to the sum of thirty-five dollars, and rendered judgment in their favor for costs against the appellee.

This ruling upon demurrer is assigned as error.

It was alleged in the complaint, in substance, that prior to the year 1889, and during that year, one James K. Stinson, then surveyor of Fulton county, expended on repairs of what was known as the Peterson and Reed ditch in that county, theretofore established under and in pursuance of an order of the board of commissioners of that county, about four thousand dollars, which sum had been paid out of the county treasury upon the order of said surveyor; that his term of office expired in 1889, and he was succeeded in office by one Peter J. Stingley, who was related to three of the

land owners assessed for the construction of said ditch, being a son of one, a brother of another and a cousin of a third; that no assessment for said repairs was made upon the land owners along the ditch during said Stinson's term of office; that it was claimed by said Stingley, surveyor, and by those through whose land the ditch was constructed, and others whose lands were affected by the construction thereof, that the expenditures so made were extravagant, unauthorized and in excess of the original cost of construction, so that no steps were being taken by the surveyor or his deputy for the re-imbursement of the county treasury; that there had also been paid out of the county treasury about two thousand dollars for repairs of what was known as the Walters and Cannon ditch in said county by said Stinson, surveyor; that it was claimed also by those affected by the construction of this ditch that the amount so expended for said repairs was unauthorized and unnecessary; that said Stingley, surveyor, because of the objection to the repairs by those affected thereby, and because he claimed that said Stinson could be held liable for making repairs unauthorized, declined and refused to take any steps for the reimbursement of said treasury unless directed by the board of county comty commissioners and relieved from responsibility thereon; that said board, on investigation, discovered that large sums of money had been paid out from time to time as costs in the construction of ditches petitioned for before said board, it being then claimed that said expenses should be borne by the county, a question about which said board was in doubt; that in view of the condition of the county treasury as aforesaid, and being in doubt as to what should be done to reimburse it, said board, on the 6th of August, 1889, entered of record an order of employment of the appellants as follows: "It is hereby ordered by the board that Geo. W. Holman and Julius Rowley be and are hereby employed as attorneys to take such legal measures as shall be necessary to reimburse the treasury of this county for money paid out

of the treasury on account of the location and repairing of ditches in Fulton county, Indiana."

It was then alleged that, in pursuance of this contract, and at the request and under the direction of said board, the appellants, on, etc., made a careful examination of the various statutes relating to the expenses of the establishment of ditches by the board of county commissioners, and gave said board a written opinion thereon, which was accepted and acted upon by said board, for which the appellants charged $25. It was further alleged that, on, etc., the appellants spent with said board the greater part of a day in consultation with the board and in examining the records relating to the proceedings which resulted in the depletion of the county treasury for the repair of ditches, for which they charged $10.

The court below held the complaint sufficient as to these two items, amounting to $35, and it was for them that the finding and judgment was rendered in favor of the appellants.

It was further alleged that before the employment of the appellants one Isaiah Walker was appointed deputy surveyor; that, in the opinion of the appellants, it was necessary to make assessments against the land-owners affected by the Peterson and Reed ditch, and appellants directed that assessments for repairs be made by the deputy surveyor, which he accordingly made; that seventeen persons against whom the assessments were made appealed therefrom, making their appeal bond payable to said Stingley, as county surveyor, he declining to defend and having an interest therein adverse to the county; that the appellants, in pursuance of their said employment and in discharge of their duties therein, appeared in each of said causes.

Five of the items of the claim of the appellants, amounting to $151.20, were for services, described, in and about these causes, on appeal from said assessments. Another item of $18 was for service described rendered by the appellants at the request of said board in a proceeding in which

the county auditor was compelled by mandamus to place the assessments from which no appeal was taken upon the proper duplicate for collection.

It was further alleged that the appellants were directed by the said board to require assessments to be made for the repairs to the Walter and Cannon ditch, which was accordingly done; that seventeen of those against whom these assessments were made appealed therefrom to the court below, and that said surveyor, on the ground hereinbefore stated, declined to resist said appeals; that the appellants, at the request of said board, and in pursuance of their said employment, appeared in all of said causes, and two of the items of claim are for services, described, in these cases, amounting to $110.

It was alleged that the charges stated in the complaint were reasonable, just, and of the value of the amount charged, etc.

The contention in the argument here relates to the question whether or not the board of commissioners of the county had authority to contract with the appellants as shown by the complaint, and to subject the county to liability for remuneration for the services stated.

The statute (section 10 of the act of April 6th, 1885, Acts of 1885, p. 141), provides for the repair of drains constructed under the laws of this State, and prescribes the mode in which the county treasury may be reimbursed for money paid out of it for such repairs. It provides for assessments to be made by the county surveyor, and for appeals therefrom, and for the placing of the assessments upon the tax duplicate by the county auditor.

The county is interested in these acts and proceedings whereby alone its treasury may be reimbursed. No express provision is made for the employment of attorneys or for their compensation. It sufficiently appears in the complaint that the surveyor did not employ attorneys to protect the interest of the county. The employment of the appellants by

Holman *et al. v.* Robbins.

the board of commissioners was not unauthorized. *Stingley* v. *Nichols, Shephard & Co.*, 131 Ind. 214.

Without regard to the question whether or not such a demurrer, directed to particular items in an account, so set forth in a single paragraph of complaint, should be entertained by the court, we are of the opinion that the court erred in sustaining the demurrer.

The judgment is reversed.

Filed Sept. 16, 1892; petition for a rehearing overruled Nov. 18, 1892.