Fisher *v*. Fisher, Administrator.

No. 962.

FISHER *v*. FISHER, ADMINISTRATOR.

PROMISSORY NOTE.—*Consideration, Sufficiency of.*—*Burden of Proof.*—
In an action on a promissory note, in which illegality of considera-
tion is pleaded as a defense, the note imports sufficient considera-
tion, and the burden is on the defendant to show that the consider-
ation was illegal.

VERDICT.—*Sufficiency of Evidence to Sustain.*—That the evidence is
sufficient to sustain the verdict, see opinion.

From the Huntington Circuit Court.

*J. C. Branyan, L. P. Milligan, S. E. Cook, M. L.
Spencer* and *J. C. Branyan,* for appellant.

*J. B. Kenner* and *U. S. Lesh,* for appellee.

DAVIS, C. J.—This case is here for the third time.
*Fisher* v. *Fisher,* 113 Ind. 474; *Fisher, Admr.,* v. *Fisher,*
131 Ind. 462.

The case was again tried, and the special finding of the
facts by the court and conclusions of law thereon were
against appellant, who appeals to this court and assigns
as error the overruling of his motion for a new trial.
The motion for a new trial contains two reasons:

1. That the finding and decision of the court is not
sustained by sufficient evidence.

2. That the decision of the court is contrary to law.

The appellant contends that the note was given by him
to cover his part of the loss sustained in dealings in
margins in wheat on the Chicago board of trade in a
gambling transaction, and that the note is, for that rea-
son, without any consideration, and void.

If the transaction was a gaming one, illegal and void,
and constituted the consideration for the note, appellee
would not have a right to recover; for, if the transaction
between the parties was illegal, they were *in pari delicto,*

and will not be aided by the courts in profiting by their own wrong.

The court, however, in this case, after hearing all the evidence, has found "that said note was not executed for an illegal consideration, to wit, gambling in grain, but that the transaction out of which the same grew was a legitimate purchase of grain which was intended to be delivered, and warehouse receipts for the delivery of said grain were actually delivered, and the consideration of said note is and was for money advanced by Frank T. Fisher, deceased, to Tillman H. Fisher, and is a valid and legal one," and, therefore, the only question for us to determine is whether there is any evidence in the record tending to support the finding.

It should be remembered, in this connection, that this finding was not essential to a recovery on the part of appellee. In this State a promissory note imports a sufficient consideration, and the burden was on appellant to show that such consideration was illegal. *Fisher* v. *Fisher, supra*.

If the finding was silent on this question, the court would assume that appellant had failed to prove the alleged illegality of the consideration. *Louisville, etc., R. W. Co.* v. *Buck*, 116 Ind. 566.

We find, on examination of the record in this case, that there was some evidence, at least, tending to prove that said Tillman H. Fisher, appellant, and Frank T. Fisher, since deceased, were cousins; that about 1876 or 1877 they resided in Chicago, Illinois, and that appellant then approached said decedent, then in full life, with the statement that the wheat crop was short and that there was some prospect of a Turkish war, and, therefore, that there was a good opportunity to make money in purchase of wheat, and that thereupon they purchased of or through Ramsey Bros. & Co., regular and reputable members

of the Chicago board of trade, and buyers, sellers, and shippers of grain, twenty thousand bushels of wheat, which was in the warehouse, and which was delivered to Ramsey Bros. & Co., and was then delivered by said firm to them, in the shape of warehouse receipts, and that it was the intention of Ramsey Bros. & Co., who were a responsible and reliable firm, to deliver the wheat to them, and that they could have obtained the wheat if they had called for it, and that they carried the wheat on options or margins, with said firm, for ten or fifteen days, and that the wheat depreciated in value and they closed out at a loss of over nine hundred dollars, all of which was paid by said Frank T. Fisher to said Ramsey Bros. & Co., and that in a settlement of said transaction, between said Tillman and Frank, appellant executed his note to said decedent for his half of the loss. *Whitesides* v. *Hunt,* 97 Ind. 191.

This court can not disturb the judgment of the trial court on the evidence.

Judgment affirmed.

Filed Jan. 26, 1894.