Williams *et al. v.* Freshour *et al.*

We find no error in the record, and the judgment is, therefore, affirmed.

Filed Jan. 31, 1894.

———◆———

No. 16,599.

WILLIAMS ET AL. *v.* FRESHOUR ET AL.

RECORD.— *Motion to Correct. — Overruling of. — Affidavit.— Judicial Knowledge.—Question on Appeal.— Supreme Court Practice.— Case Distinguished.*—Where a motion, supported by affidavit, is filed to correct the finding of the court, the matters contained in the affidavit being within the judicial knowledge of the court, alleging the insertion of certain words in the finding, twenty-nine days after the same was originally written and signed upon the order-book, which motion was overruled, and exception saved, the affidavit standing in open antagonism to the record of the court, and the truth of the record being reaffirmed by the overruling of the motion, for error not apparent upon the face of the record, the appellate tribunal can not entertain such an attack upon the record of the trial court. *Hood* v. *Pearson,* 67 Ind. 368, distinguished.

*Quære,* may a finding, after once being made and entered, be modified?

From the Cass Circuit Court.

*D. C. Justice* and *M. B. Lairy,* for appellants.

*J. C. Nelson* and *R. A. Myers,* for appellees.

HACKNEY, J.—The Terre Haute and Logansport railway runs north and south through the town of Lucerne (formerly Altoner), and immediately west of, and parallel with, the right of way of said railway lies an unoccupied strip of ground extending along and parallel with lots numbered 30, 1, 12, 13, 24 and 36, and is intersected by Hill street, Freshour street, and Fitch street; said lot numbered 13 is the property of the appellant Williams, and lots numbered 24 and 36 are the property of said Stevens, and they have erected and occupy, the said Williams a business house and the said Stevens a dwelling upon their said lots respectively.

The proceeding herein was by the appellants to enjoin the appellees from enclosing with permanent fences the unoccupied strip of ground. Upon the hearing, as shown by the record entry as certified by the clerk, the court made its general finding for the plaintiffs, "that the allegations of their complaint are true *in part* and that they are entitled to an injunction against the defendants, as prayed for in the complaint *in part.*"

This entry appears of date February 9th, 1892, the same being the thirty-second judicial day of the January term of court.

After various motions for a new trial, made by the appellees, the court, on the 10th day of March, 1892, the fifty-eighth judicial day of said term, overruled said motions, and entered a decree in favor of the appellants, to the extent that said strip of ground is intersected by said streets and by the alleys lying between and parallel with said streets, and at the points of such intersections; and the court expressly declined to decide whether other parts of said strip of ground had been dedicated as a public street.

This decree is consistent with the finding as entered, and as to the correctness of such finding and decree, upon the law and the evidence before the court, there is no question in this court, and there was no exception in the circuit court by the appellants.

On the 14th day of March, 1892, the sixty-first judicial day of said term of court, the appellants filed a motion to correct the said finding so entered, the ground of said motion being that the entry of said finding, as originally written and signed upon the order-book, did not contain the words italicized as above, which would have constituted a general and unlimited finding in favor of the appellants, and that twenty-nine days after the entry of said finding the judge of said court inserted,

in pencil, the italicized words, which were copied into said entry, in ink, by the clerk of said court, and thereby constituted a limited finding in favor of the appellants, and that said alteration was made without the knowledge or consent of the appellants or their attorney, and in their absence from the court. The grounds of this motion were supported by affidavit.

On the 15th day of March, 1892, the sixty-second day of said term, the appellants filed a motion to correct the decree, that it might correspond with the finding as claimed to have been originally entered.

Both of these motions were overruled and exceptions were saved.

It is upon these rulings that the appellants assign error. The bill of exceptions discloses no other evidence of the alteration of the finding than that contained in said affidavit, and we have no finding of the court or statement of the judge, that any such alteration was made.

In the absence of the affidavit filed with appellants' motion to correct the finding, the record would conclusively appear to have been made originally as it is at this time.

It would not only possess the authentication of the judge's signature, but its verity would be absolute from the certificate of the clerk, that on the 9th day of February, 1892, the entry was made as it now appears.

Its sanctity, as a judicial decision, would carry it beyond the realm of doubts and save it from attack. If the affidavit were filed for the first time in this court we apprehend that no possible question could be urged against the superior force and effect of the record as against the affidavit. The affidavit comes to this court in the bill of exceptions, yet the truth of its statements is given no life or force by the bill, the judge does not verify any statement in the affidavit, he simply verifies the filing of

the affidavit at the time and in the form presented by the record. On the contrary, the affidavit stands in open antagonism to the solemn record of the court made and certified under the official oaths of the judge and the clerk of the circuit court.

The truth, or want of truth, in the statements of the affidavit was peculiarly within the personal and judicial knowledge of the judge who entertained the affidavit, but, by his ruling, he denied the truth of the statements so made. The truth of the entry, therefore, is re-affirmed by the action of the court in denying the truth of the affidavit.

If we may entertain this affidavit as raising an issue with the record because it was filed in the lower court, we are unable to discern why we should not entertain it if filed in this court for the first time, and of the right to attack the record here we have said there is no possible claim.

To the contention that the lower court was bound by the showing of the affidavit, and that this court will accept the affidavit as the only evidence before the lower court, on the subject of the alleged alteration of the record, the appellants' learned counsel cite *Hood* v. *Pearson*, 67 Ind. 368.

That case differed from this in the material respect that the matters presented by the affidavit were not within the judicial observation or knowledge of the court. This court is in a position to apply the presumption that the lower court acted with other lights before it than the affidavit, for it is made to appear that the court possessed knowledge of the facts not derived from the affidavit.

The record entry and the affidavit, by the contention of the appellants, raises an issue in this court to be determined by directing an alteration of the record to correspond with the statements of the affidavit as to the former

Williams *et al.* v. Freshour *et al.*

entry.   As we have said, this issue is not different from
an original attack upon the record in this court.   The
issue would require us to decide between the apparently
perfect record and an affidavit attacking the accuracy of
the record.

As said in *Harris* v. *Lester,*  80 Ill. 307:   ''A judicial
record contains evidence of its own  validity and should
testimony *dehors* the record itself  be admitted to contra-
dict or vary its recitals, it would render  such records of
no avail, and definitive sentences would afford but slight
protection to the rights of  parties once solemnly adjudi-
cated.   Hence all records must be  tried  and  construed
by themselves.''

As the question arises in this court the record of the
circuit court is attacked for errors not apparent upon the
face of  the record, and being, as we have shown, a col-
lateral attack in this court, it must fail under the de-
cisions in this State.   *Phillips* v. *Lewis,* 109 Ind. 62;
*Earle* v. *Earle,* 91 Ind. 27.

We do not hold that a finding once  made and entered
may be changed or modified.   The most modern and cer-
tainly the best rule is that it may not.   See *Clark* v.
*State, ex rel.,* 125 Ind. 1; *Continental Ins.  Co.* v. *Kyle,*
124 Ind. 132; *Sharp* v.  *Malia,* 124 Ind. 407; *Levy* v.
*Chittenden,* 120 Ind. 37;  *Wray* v. *Hill,* 85 Ind. 546.

We simply hold that no such question is before us  in
such form as to be available.

The motion to modify the judgment finding  support
only upon the modification of the finding sought it must
fail.

The judgment of the circuit court is  affirmed.

Filed Jan. 31, 1894.