SMITH ET AL. *v.* GOETZ ET AL.

[No. 2,433.     Filed Feb. 16, 1898.     Rehearing denied May 10, 1898.]

SPECIAL FINDINGS.—*Signature of Judge.*—Where it does not appear from the record that the judge who is shown to have tried the cause signed the special finding it will be treated as a general finding.  *pp. 142-145.*

APPEAL AND ERROR.—*Record.*—*Correction.*— A record cannot be corrected in this court by affidavits, but must be corrected in the court below upon a writ of *certiorari. p. 145.*

From the St. Joseph Circuit Court.  *Affirmed.*

*A. L. Brick* and *Walter Funk,* for appellants.

*F. J L. Meyer* and *Willis A. Bugbee,* for appellees.

COMSTOCK, J.—Action by appellants against appellees for the enforcement of a material man's lien. Mortgagees and other lien holders were made parties defendants.  The court made a special finding of facts, and in its conclusions of law thereon, held that the liens of the mortgagees were prior to those claimed by virtue of the mechanic's lien law, and rendered judgment accordingly.  The only error assigned is, "that the court erred in its conclusions of law upon the facts found."  Counsel for appellee contend that the questions sought to be presented by appellants are not before the court, because what is claimed to be a special finding is only a general finding, for the reason that it is not signed by the judge who presided at the trial.

The Hon. Lucius Hubbard was the regular judge of the court below, and the record shows that what purports to be a special finding of facts and conclusions

of law was signed by him.   The record further shows that at the December term, 1895, it being the 29th day of January, 1896, the following proceedings were had in said cause: "Come the parties and submit this cause to the court for trial and the court is requested to find the facts specially and state its conclusions of law, and the court now takes this matter under advisement."

The next record entry is as follows: "And afterwards to wit, on Saturday, April 4, 1896, the same being the 24th day of the March term of the court aforesaid, before the Hon. Andrew Anderson, special judge, the following further proceedings were had in the above entitled cause:  Come the parties, and the court files its special findings and conclusions of law thereon as follows."   It is also recited in this entry that "said parties request the court to make a special finding of facts herein in writing and to state the conclusions of law thereon, and the court having heard the evidence, the argument of counsel, and being duly advised, makes and files in writing its special finding herein as follows."   And then follows the special finding and conclusion of law thereon.   This entry shows that the Hon. Andrew Anderson, special judge, presided in said cause; that he tried the same, and upon proper request made and filed his special finding and conclusions of law, and that he did not sign the special finding but that same was signed "Lucius Hubbard," the name of the regular judge.

It is the law in this State, that unless it appears from the record that the judge who is shown to have tried the cause signed the special finding the same will be treated only as a general finding. *McCray* v. *Humes*, 116 Ind. 103-111, and cases there cited; *Branch* v. *Faust*, 115 Ind. 464; *Conner* v. *Town of Marion*, 112 Ind. 517; Thornton's Ind. Pract. Code, section 551, note 2.

In *McCray* v. *Humes, supra,* which was a case like the one before us, the Supreme Court said at page 111: "The particular proceedings which include the special finding purports to have been held by Judge Paige, but the finding is signed 'T. J. Terhune,' without any explanation of record as to why it was so signed. * * * Consequently the questions sought to be made upon the special finding are not in the record. Besides, a special finding not signed by the judge, nor made a part of the record either by an order of the court or by a bill of exceptions, cannot be regarded as having been made in compliance with section 551 of the civil code, and hence must be treated only as a general finding. * * * As Judge Paige is made to appear as having presided in the cause when the special finding was made, his name, if any one, ought to have been attached to the special finding, and, upon its face, it is, in that respect, defective in not having been signed by him. Not having been otherwise made a part of the record, the special finding cannot be considered as anything more than a general finding in favor of the appellee."

If it appeared from the record that the proceedings were had before Judge Hubbard, the regular judge; that he had made and filed the special findings, and that the same was signed by him and that afterwards a special judge had rendered judgment thereon, such special finding and the conclusions of law would be in the record and would be treated as such and not as a general finding. If the judge of a court, regular or special, try a cause, and upon proper request, makes, files, and signs a special finding, all of which is shown by the record, and for any reason such judge is unable to act further in said cause, another judge, regular or special, can act in such cause until final judgment therein. If the judge who tried said cause should

make, sign, and file such special finding and not state the conclusions of law thereon, his successor, whether a special or a regular judge, would be authorized to state the conclusions of law on such special finding and render judgment thereon. In this case, however, the record shows that the judge who made and filed what purports to be a special finding did not sign it and therefore it can only be treated as a general finding.

Affidavits have been filed in this court for the purpose of showing that the transcript does not correctly set forth the proceedings in the court below, and we are asked to decide the cause upon the facts thus shown, and not upon the record. Counter affidavits are also filed. If a transcript filed in this court is not a correct copy of the papers and entries in the trial court, it cannot be corrected in this court by affidavit, but on proper application a writ of *certiorari* will be issued, requiring the clerk of the court below to correct the transcript so that it correctly sets out the proceedings as shown by the record in the trial court. Elliott's App. Proc., sections 186-187.

If the record in the court below does not correctly set forth the proceedings, the application to correct the record must be made there; and if corrected in the court below, such corrected entry may be brought into the record in this court by *certiorari.* The supposed special finding being only a general finding, the assignment of error presents no question for our consideration. Judgment affirmed.

### On Petition for Rehearing.

Per Curiam.—The able brief of counsel for appellants in support of the petition for a rehearing in this cause does not show error in the statement of the rec-

ord in the original opinion.    The conclusion reached was solely upon the record.    The record may not correctly set forth the proceedings in the trial court, but if errors of record exist, they must be corrected by the lower court.    A rehearing cannot be granted to correct them.    Petition overruled.