## Indianapolis Street Railway Company *v.* Bordenchecker, by Next Friend.

### [No. 4,868.    Filed May 12, 1904.]

Negligence.—*Infants.*—A child two and one-half years old is too young to be negligent itself or to have the negligence of others imputed to it. *p. 139.*

Same.—*Proof.—Circumstantial Evidence.—Inferences.*—Negligence, like any other fact, may be proved by direct or circumstantial evidence, and reasonable inferences may be drawn by the jury from the facts proved. *pp. 139–143.*

Same.—*Street Railroads.—Evidence of High Rate of Speed.*—The fact that a street car was not stopped until the rear end thereof had reached a point beyond the place of collision, variously estimated to have been from three rods to one hundred and sixty feet, is evidence tending to show a high rate of speed. *p. 142.*

Same.—*Street Railroads.—Child Approaching Track.*—The servants in charge of a street car have no right to assume, as in case of an adult, that a child two and one-half years old, approaching the track, will turn back. *p. 142.*

Trial.—*Jury.—Challenge of Juror for Cause.—Harmless Error.*—Error in overruling a challenge of a juror for cause is harmless where the complaining party goes to trial with peremptory challenges unexhausted. *pp. 143, 144.*

From Superior Court of Marion County (63,607); *Vinson Carter,* Judge.

Action by William Bordenchecker, by next friend, against the Indianapolis Street Railway Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*F. Winter* and *W. H. Latta*, for appellant.
*C. E. Fenstermacher* and *W. W. Caffrey*, for appellee.

Comstock, J.—Appellee, an infant, by his next friend, sued appellant to recover damages for personal injuries. The complaint was in two paragraphs. The first charges that at the time plaintiff received his injuries the defendant had laid tracks and was engaged in operating a street railway upon the streets of Indianapolis; that plaintiff was on one of its tracks, and on account of his youth could not realize the danger; that defendant could have seen plaintiff more than fifteen hundred feet, and by using ordinary care could have stopped the car before striking plaintiff, but that the defendant negligently ran its car against him without giving warning of its approach, and inflicted the injuries of which he complains. The charging part of the second paragraph differs from the first in alleging that plaintiff, instead of standing on, was standing within one foot of, the defendant's track at the time of the collision. A demurrer to each paragraph of the complaint was overruled. The cause was put at issue by general denial, and trial by jury resulted in a verdict and judgment in favor of appellee for $300. The overruling of appellant's motion for a new trial is relied upon for a reversal of the judgment.

The first reason for a new trial discussed is that the verdict is not sustained by sufficient evidence, and for that reason is contrary to law. The plaintiff, as shown by the evidence, was two and one-half years old, too young to be negligent himself or to have the negligence of others imputed to him. If, therefore, there is evidence fairly tending to show that appellant's negligence caused plaintiff's injuries, this court can not disturb the judgment for

the reason for a new trial under consideration. The evidence shows that the accident occurred on Tenth street, a street in the city of Indianapolis, running east and west, and over which appellant maintains a double track. Said street at the place of collision is intersected by the following streets: Brookside avenue from the north at an angle; Highland and Stillwell streets from the south. The street is thirty-five feet wide from curb to curb. The distance from the curb to the first rail of the south track is ten feet and to the first rail of the second track is twenty feet. The view of the track from said place of collision is unobstructed for a distance of a mile. On the day of the accident the mother of the plaintiff sent him and his sister, whose age is not given, but who is spoken of as a little girl, to a grocery on the corner of Highland avenue for a loaf of bread. The home of the children was on Brookside avenue, to which they were returning when the plaintiff received his injuries.

.Appellee introduced no witness who saw the collision. Ida Geiger, a witness in behalf of appellee, testified in part as follows: "In October, 1901, I was living on Brookside avenue. A child was injured on Tenth street during that month, about twenty minutes of twelve, noon. I went to the drug store, and saw the child coming from McLane's grocery at the corner of Highland avenue and Tenth street. That is a short distance—hardly a half square—from Brookside avenue. When I saw the child he was coming from the grocery; just leaving the sidewalk, almost between the first track going east, almost ready to step onto the track. He was going north. I was going south. His little sister was with him and they had a loaf of bread in their arms. I spoke to them. I saw a car approaching, probably a block away, coming from the city. I went to a meat market at the corner of Stillwell street at the south side of Tenth, and the next I saw of the little boy was after the car had struck him. I remained in the meat market a

few moments, and when I came out the car had stopped, and I saw the motorman or conductor picking up a child quite a distance back of the car. * * * The boy lay almost three rods back of the car. * * * I heard no gong sounded. When I got there the motorman had the child in his arms. The motorman said it was a narrow escape for both of them. When I passed the children the little girl was about one step in front of the boy. * * * I did not see the car hit the child. * * * The bakery is at Highland avenue. When I saw the children they were coming from the bakery. * * * I did not see them come out of the bakery. I saw them leave the side-walk. They were between the curb and the track in the roadway. They were going diagonally in the direction of Brookside avenue, northwest, and I was going southwest."

Daisy McLane testified as follows: "I have a grocery at the corner of Tenth street and Highland avenue. The plaintiff came in the grocery and got a loaf of bread just before the accident. Their home is northwest of my store. I saw the car pass the door just after they left. I do not remember of hearing the gong. After the car went by I went out and the plaintiff was in front of the drug store near the track."

There was no evidence as to the speed of the car. No one connected with appellant corporation as agent or employe testified. Appellant introduced but one witness. He testified that appellee left the sidewalk, and immediately began to run diagonally in the direction of the track, passing over a distance of approximately twenty feet; that at the time the child began to run towards the track the car was sixty-five feet from the place of collision; that as soon as plaintiff started to run in the direction of the track the motorman began sounding his gong, and appeared to be arranging the brake—that is, going through movements like he was applying the brake (the witness could not see the brake)—and continued his efforts to stop the car until

the child had been struck by the car, after which said witness did "not look at the actions of the motorman." He also testified that the plaintiff ran against the side of the car about five feet from the front end of the car proper and three feet from the ground. Appellant insists that the testimony of this witness clearly exonerates appellant from fault. The burden of showing appellant's negligence was upon appellee. The negligence of the adverse party is not presumed in favor of one upon whom the burden rests of establishing it, but, like any other fact, it may be proved by direct or circumstantial evidence. Juries are warranted, too, in drawing reasonable inferences from facts proved.

The car was a small closed car, and therefore might be promptly stopped, if not running at a high rate of speed. At a distance of a block away the motorman could have seen the plaintiff moving toward and apparently about to cross the track. The facts do not show a case of a child standing by the track without evidence of an intention to cross. It can not be presumed that a child of plaintiff's age will exercise discretion or caution. There was evidence from which the jury could reasonably conclude that the motorman, in the exercise of ordinary care, could have seen the appellee and stopped the car in time to have avoided the collision. The fact that the car was not stopped until its rear end had reached a point beyond the place of collision, variously shown by the evidence to have been from three rods to one hundred sixty feet, is evidence tending to show a high rate of speed. Negligence has been ascribed to the running of an electric car over a crossing at a high rate of speed, or without having the car under control, and using proper means to stop it if occasion requires. Thompson, Negligence (2d ed.), §1397. Appellant's servants had no right to assume, as in the case of an adult, that plaintiff would turn back from an impending peril. *Elwood St. R. Co.* v. *Ross,* 26 Ind. App. 258.

It was for the jury to pass upon a conflict of evidence as

Indianapolis St. R. Co. v. Bordenchecker.

to whether or not the motorman sounded the gong before the accident—a conflict raised by direct and by negative evidence, but still a conflict. The presumption is that they found the failure of appellant to give warning in accordance with the averments of the complaint. We can not say that the finding that appellant was negligent is without the support of evidence.

Other reasons set out in the motion for a new trial are that the court erred in overruling the challenge of the defendant to the jurors Pierson and Martin. Section 1450a Burns 1901 is as follows: "That in counties having a population of over one hundred fifty thousand, according to the last preceding United States census, and in which there is a circuit court, and a superior court having more than one judge, the clerk shall, whenever he shall draw one or more petit juries for such courts or either of them, draw twelve additional jurors in the same manner as regular petit jurors are drawn for such courts, and such twelve additional jurors shall be and remain during the term for which said juries are drawn, as special talesmen subject to call to the jury in any or either of said courts. When the regular panel shall have been exhausted in any or either of said courts, or is insufficient from any cause, the bailiff shall call such special talesmen to fill such jury, and bystanders shall not be called until said detail of special talesmen shall have been exhausted, and when any member of any regular panel in any or either of said courts shall be challenged off of said panel for any reason, such juror shall take his place among said special talesmen and may be called for service on the jury in any other one of said courts: Provided, that the provisions of this act shall not be construed so as to apply to, alter or repeal the laws of Indiana providing for special juries, for juries by agreement, for struck juries or for special venires, and service as such special talesmen shall not be cause for challenge during the term for which they are drawn."

In the cause before us the defendant challenged two jurors who had been called by the judge, and who, after being so called, had not only served in the room in which they were called, but had also served in the circuit court. They were challenged upon the ground that they had served on a jury in the county within a year, and the challenge was overruled, and thereupon the appellant challenged the jurors peremptorily. It is claimed that this was error under §§529, 541, 1450, 1450a, 1451 Burns 1901.

Error to warrant a reversal of a judgment must be harmful. Appellant accepted the jury without having exhausted its peremptory challenges. "As long as he had accepted the jury voluntarily without having exhausted his peremptory challenges the error, if error it was, of forcing him to use two of his peremptory challenges to get rid of the two alleged incompetent jurors did not harm him and hence must be disregarded by the express terms of the statute." *Siberry* v. *State,* 149 Ind. 684; *Terre Haute Electric Co.* v. *Watson, ante,* 124.

Counsel for appellant admit that there are cases in this State in which it has been held that the error in overruling a challenge for cause is harmless if the complaining party had peremptory challenges unexhausted; but state that the rule was announced in criminal cases in which the party has the right to a large number of peremptory challenges, and in all of which cases the party had more than one peremptory challenge remaining at the time the jury was selected and sworn. The rule has also been made to apply to civil cases. *Fletcher* v. *Crist,* 139 Ind. 121, recognizing a different rule, was in *Siberry* v. *State, supra,* modified to conform to the opinion in the case last named. Apart from the modification of the opinion in *Fletcher* v. *Crist, supra,* we see no stronger reason for the application of the rule in a criminal than in a civil cause.

Judgment affirmed.