## KOCHER *v.* STATE OF INDIANA.

[No. 23,661. Filed April 22, 1920. Rehearing denied October 29, 1920.]

1. CRIMINAL LAW.—*Instructions.—Tender of Special Written Instruction.—Modification by Court.*—In a criminal case, the trial court may, in writing, modify written special instructions tendered by the accused under §2136 Burns 1914, Acts 1909 p. 257, cls. 5, 6, §561 Burns 1914, Acts 1907 p. 652, having been held not to apply to criminal cases. p. 580.

2. CRIMINAL LAW. — *Intoxicating Liquors. — Modified Instruction Given.—Possession of Liquors.—Rights of Accused.*—An instruction that it is not unlawful for a person to have in his possession less than one gallon of intoxicating liquor, requested and tendered by the accused in a prosecution under §4, Acts 1917 p. 15, §8356a *et seq.* Burns' Supp. 1918, given after modification by the trial court by the written insertion of the word "necessarily" so as to instruct that it is not necessarily unlawful, etc., considered in connection with all the other instructions given, *held* not misleading, in view of the rule that the full instruction of the jury on all legal questions necessary to reach a true verdict satisfies all rights of an accused in that connection. p. 582.

3. CRIMINAL LAW.—*Appeal.—Record.—Bill of Exceptions.—Certificate of Judge.—Oral Modification of Written Instruction.*—Where the certificate of the trial judge to the bill of exceptions failed to state that a written instruction had been orally modified when read to the jury, though stating that the accused so contends, the record does not make such question available on appeal, although the bill of exceptions contains two affidavits, filed in support of the motion for a new trial, stating that the instruction in question had been orally modified, and setting out a reasonable excuse for the failure to call the same to the attention of the judge at the time. p. 582.

4. CRIMINAL LAW.—*Qualifications of Juror.—Voir Dire.—Challenge. —Harmless Error.*—No harmful error is disclosed in a ruling sustaining an objection made by the state to a question asked a juror on his *voir dire*, where it does not appear from the record that the accused had exhausted his right of peremptory challenge, nor that any other questions were put to the juror upon which a challenge for cause was predicated. p. 583.

5. CRIMINAL LAW.—*Intoxicating Liquors.—Admission of Testimony.—Harmless Error.*—In a prosecution under §§4, 15, Acts 1917 p. 15, §§8356d, 8356o Burns' Supp. 1918, a witness for the state, after having testified that he, holding a search warrant therefor, had searched the premises of accused, and had there found the accused and one L together with a bottle in which was about one-half inch of whisky, a quart of whisky and two whisky glasses sitting on a stand, was asked "whether or not that is the L— that was convicted of operating a 'blind tiger' in 1918," and, over the objection of accused that "that would be a specific charge, not the general reputation," was permitted to answer "he was convicted of operating a 'blind tiger' but I don't remember that date," *held* that, while under the testimony at the time adduced, the question could not be approved, yet, in view of the objection made, and the fact that this same L was a witness for and testified on behalf of accused, and on cross-examination, without objection, admitted that he had been convicted on a "blind tiger" charge on February 18, 1919, that the accused had not been harmed by the answer. p. 584.

6. CRIMINAL LAW.—*Circumstantial Evidence.—Sufficiency of the Evidence.—Weighing Evidence on Appeal.*—The Supreme Court cannot weigh the evidence to determine whether it might be construed harmoniously with the innocence of accused, when there are some facts admitted and evidence from which inferences might easily be drawn establishing all of the facts essential to support a conviction. p. 584.

From Grant Circuit Court; *J. F. Charles,* Judge.

Prosecution by the State of Indiana against George Kocher. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Van Atta & Clawson,* for appellant.

*Ele Stansbury,* Attorney-General, and *A. B. Cronk,* for the state.

MYERS, J.—Appellant was charged by affidavit in two counts with violating §§4, 15, Acts 1917 p. 15, §8356a *et seq.* Burns' Supp. 1918. He was tried in the Grant Circuit Court before a jury, and convicted of keeping intoxicating liquors with intent to sell, etc., contrary to §4, *supra,* and sentenced to pay a fine of $100, and to imprisonment in the county jail for a period of thirty days.

Appellant's motion for a new trial was overruled, and this ruling is the only error here assigned.

Instruction No. 2 tendered by appellant was modified by the court and given as modified. Appellant insists that the court erred, first, in modifying the instruction, and, second, in giving the instruction as modified. The instruction tendered applied to the first count of the affidavit and the one on which appellant was convicted. That part of the instruction about which there is any contention as tendered read, "It is not unlawful for a person to have in his possession intoxicating liquor," etc. The court wrote into the body of the instruction the word "necessarily," thus modifying it to read that "it is not necessarily unlawful for a person to have in his possession intoxicating liquor," etc., then gave the instruction as modified.

The request that the jury be instructed in writing, as well as the request for special instructions which were reduced to writing and tendered to the court, were all done in compliance with our statute. §2136 Burns 1914, Acts 1909 p. 257, cls. 5 and 6.

Clause 6, which is the only legislative expression on the subject of the modification of instructions in a criminal case, expressly prohibits the court from orally modifying instructions. In civil actions we have a statute fully covering this subject (§561 Burns 1914, Acts 1907 p. 652), but that statute has been held not to apply to criminal cases. *Stephenson* v. *State* (1887), 110 Ind. 358, 373, 11 N. E. 360, 59 Am. Rep. 216; *Donovan* v. *State* (1908), 170 Ind. 123, 83 N. E. 744; *Guy* v. *State* (1906), 37 Ind. App. 691, 77 N. E. 855.

Since we have no statute on the question as to the authority of the court to modify an instruction as was done in this case, it would seem that the recognized practice in such cases, and the omission of the legislature to act, except as herein pointed out, must be regarded as exceedingly persuasive of a conclusion sustaining the right of the court to modify special instructions when done in writing, and we so hold. However, in the case of *Guy* v. *State, supra,* by reference to the record in that case, it will be observed that this precise question was before the court and the same objection urged as here, but the court sustained the action of the trial court in modifying the instruction. 16 C. J. 1067; Ewbank, Criminal Law §513.

Our attention will next be directed to the effect of the instruction as modified. It is true that the mere

possession of less than one gallon of intoxicat-
2.   ing liquor is not unlawful, but it may be unlaw-
ful if kept with the intent of disposition con-
trary to law.  So that, when the court told the jury
that the possession of such a quantity of intoxicating
liquor was not "necessarily" unlawful, the inference
would follow that it might be, which is true, if cou-
pled with an intent to dispose of it, in violation of
law.

From a consideration of the entire series of instruc-
tions given to the jury, we are convinced that it could
not have been misled by the questioned modification.
Of course, a defendant on trial has a right to insist
that the court shall instruct the jury on all legal ques-
tions necessary to reach a true verdict.  That is all the
law guarantees and all that he has a right to expect.
Hence if the instructions given by the court on request
and those given on its own motion thus informed the
jury, no reversible error can be predicated on a re-
fusal to give special instructions, although they may
announce correct principles of law.  *Ginn* v. *State*
(1903), 161 Ind. 292, 68 N. E. 294; *Rains* v. *State*
(1894), 137 Ind. 83, 91, 36 N. E. 532.

It is next insisted that the court erred in orally
modifying appellant's tendered instruction No. 4, by
orally reading into it the word "not" after the
3.   word "of" and before the word "less" in the
sentence following: "The fact, if you find
from the evidence that it is a fact, that the defendant
was found in possession of less than a gallon of intoxi-
cating liquor,  *  *  *."  Appellant's bill of excep-
tions by which he seeks to present this question con-
tains two affidavits stating that the instruction was so
orally modified, and showing a reasonable excuse for

not calling the court's attention to that fact at the time the instruction was read. These affidavits were filed in the court below in support of appellant's motion for a new trial.

The certificate of the trial judge in this particular is as follows: "And instruction No. 4, tendered by the defendant and given by the court, and which defendant contends was orally modified as aforesaid, and the instructions given by the court of its own motion as aforesaid, were all the instructions given to the jury in the above entitled cause." Thus the contention of appellant that the instruction in question was orally modified is made to appear, but this showing is not equivalent to a showing that the instruction was in fact orally modified.

Under this state of the record, the question is not in form to be available. *Williams* v. *Freshour* (1894), 136 Ind. 361, 36 N. E. 280; *Ferris* v. *State* (1901), 156 Ind. 224, 59 N. E. 475.

A juror on his *voir dire* was asked a certain question presumably touching his qualifications as a juror. To this question an objection on the part of 4. the state was interposed and by the court sustained. The question, objection and ruling of the court are brought into the record by a bill of exceptions, but it is not made to appear either in the bill or by the record that appellant had exhausted his peremptory challenges, nor does it appear that any other questions were put to the juror upon which a challenge for cause was predicated. The record does not disclose harmful error. *Siberry* v. *State* (1896), 149 Ind. 684, 703, 39 N. E. 936, 47 N. E. 458; *Evansville, etc., Traction Co.* v. *Johnson* (1913), 54 Ind. App. 601, 613, 97 N. E. 176; *Indianapolis St. R. Co.* v. *Bordenchecker* (1904), 33 Ind. App. 138, 70 N. E. 995.

Appellant contends that the court erred in the admission of certain evidence. One and the first of the state's witnesses, in his original examination, testified that he had a search warrant authorizing him to search appellant's premises for intoxicating liquor, and in pursuance thereof went to appellant's living room, which was over his place of business—soft drinks—where he found appellant and one Fred Love, a bottle with about one-half inch of whisky in it, a quart of whisky and two whisky glasses sitting on a stand. He was then asked "whether or not that is the Love that was convicted of operating a 'blind tiger' in 1918," which question, over appellant's objection "that would be a specific charge, not the general reputation," the witness was permitted to answer: "He was convicted of operating a 'blind tiger' but I don't remember the date."

Under the testimony at that time adduced, we cannot approve this question, but, in view of the objection made, and the fact that this same Fred Love was a witness for and testified in behalf of appellant, and on cross-examination without objection admitted that he was convicted on a "blind tiger" charge on February 18, 1919, we are not convinced that appellant under these circumstances was harmed by the answer to the question to which he interposed an objection.

Appellant asserts that the verdict is not supported by sufficient evidence. We have read the evidence, and, while it might be consistently harmonized with appellant's innocence, yet for us to disturb the judgment on that account would require us to weigh the evidence, and this we cannot do. There are some facts admitted and evidence from which inferences might easily be drawn, establishing all of the

essential facts to support a conviction  *Schulmeyer*
v. *State* (1919), 188 Ind. 463, 124 N. E. 490.
Judgment affirmed.