SATTERBLOM ET AL. *v.* WASSON ET AL.

[No. 16,773. Filed May 8, 1942.]

Cordell C. Pinkerton and Byron E. Bamber, both of Hammond, for appellants.

Willis C. McMahan and Oscar C. Strom, both of Gary, for appellees.

BLESSING, J.—This was an action by appellees upon two promissory notes and to foreclose a mortgage on real estate securing the same. The amended complaint alleged that appellants were indebted to Stella Wasson in the sum of $750.00, and to Magenta Kennedy in the sum of $750.00, and that they executed two promissory notes in such amounts, evidencing such indebtedness, to Stella Wasson, Trustee, and executed a second mortgage on certain real estate securing the notes. It was further alleged that one of the notes was owned by Magenta Kennedy, and that neither Stella Wasson, trustee, nor Stella Wasson, individually, had any interest therein. To the complaint defendants filed answers of general denial and no consideration, and a cross-complaint seeking to quiet title to the mortgaged real estate.

In addition to the above pleadings, defendants filed a third paragraph of answer wherein they asserted that prior to the action they were the owners of the real estate in question, subject to a mortgage to Stella Wasson, trustee; that said mortgage was foreclosed and Stella Wasson purchased the real estate at the foreclosure sale; that thereafter defendants applied to the Home Owners Loan Corporation for a loan to refinance

the property, and on said date there was a mortgage of record on said real estate previously executed by defendants, but without consideration, to John Kennedy, and that the plaintiff, Magenta Kennedy, wife of John Kennedy, claimed to own an interest in the real estate by virtue of said mortgage; that, in order for plaintiffs to release their claims to the real estate so that said loan could be secured from the Home Owners Loan Corporation, an agreement was made whereby Stella Wasson executed a mortgage foreclosure consent to take bonds of the Home Owners Loan Corporation in the amount of $4,000.00 and to release any and all claims she had against the real estate, and that Stella Wasson did execute such a consent, and did thereafter accept said bonds in full payment of her claims against said real estate; that defendants were required to execute the two notes in suit and the second mortgage securing them in order to satisfy the loss *which plaintiffs would sustain in accepting the bonds;* that the notes and mortgage were without consideration, were in violation of the said consent, and of the Home Owners Loan Corporation Act and rules of that corporation, and therefore fraudulent and void. (Our italics.) To this third paragraph of answer plaintiffs' demurrer for want of facts was sustained. Reply to defendants' second paragraph of answer and an answer in general denial to their cross-complaint closed the issues.

Defendants having requested the court to make special finding of facts and to state conclusions of law thereon, the court found the facts in substance as follows: That defendants executed a promissory note in the amount of $750.00 to Stella Wasson, trustee, and executed a mortgage on the real estate described to secure the same; that on the same date defendants were indebted to plaintiff, Magenta Kennedy, in the

sum of $750.00, and as payment of such indebtedness delivered to her a promissory note in that amount payable to Stella Wasson, trustee, at which time defendants were the owners of the real estate described in the mortgage; that plaintiff, Magenta Kennedy, is the owner and holder of said note and mortgage securing the same and that no part of the principal or interest has been paid; that said note is past due and payable, and that there is now due her on said note the sum of $750.00 principal, $162.50 interest, and $125.00 attorney fees, or a total of $1,037.50. The court further found that there was nothing due Stella Wasson on the note owned by her, and that since the commencement of the action said note had been surrendered and delivered to defendants, and had been cancelled and was no longer secured by the mortgage.

Upon the finding of facts the court stated conclusions of law as follows: (1) That the law is with the plaintiff, Magenta Kennedy, on the issues presented by her complaint and on the answers and cross-complaint of the defendants; (2) that the plaintiff, Magenta Kennedy, should recover of and from the defendants the sum of $1,037.50, with interest at the rate of 5% per annum from date and her costs in the action; (3) that the mortgage mentioned in the complaint should be foreclosed, and the real estate therein described sold by the sheriff to pay and satisfy the amount found to be due and owing the plaintiff, Magenta Kennedy; (4) that the law is with the defendants and against the plaintiff, Stella Wasson, on the issues presented by her complaint and on the answers and issues presented by the defendants' cross-complaint, and that plaintiff, Stella Wasson, take nothing on her complaint; and (5) that the title of the defendants in and to the real estate described in the complaint be quieted in them against the plaintiff,

Stella Wasson. Judgment was rendered in accordance with the conclusions.

Appellants assign as error the action of the court in sustaining the demurrer for want of facts to their third paragraph of answer. It is to be noted, however, that such third paragraph of answer alleged facts which were a defense to the note owned by Stella Wasson only, since she was the only person alleged to have received any benefit from the refinancing mortgage to the Home Owners Loan Corporation, and the only person required to execute the consent to that corporation in order for it to make the loan and issue its bonds to her, and the only person alleged to have so executed such consent and to have accepted the bonds. An answer, purporting to bar the action, which at most alleges matter in defense of one of two notes pleaded, is insufficient on demurrer. *Downey* v. *Lee* (1892), 86 Ind. 260. Even if the sustaining of the demurrer were erroneous, the error was harmless in view of the finding by the court that plaintiff, Stella Wasson, was not entitled to recover on the note owned by her, and that such note had been cancelled and surrendered to defendants after the action was commenced, it thus appearing that the court considered all the matters alleged in such third paragraph of answer.

Appellants also contend that the court erred in its conclusions of law. The only complaint made of the conclusions by appellants in their brief is that the findings are silent as to consideration for the notes, and that the silence of the findings on that issue is equivalent to a finding that no consideration existed. We cannot agree with that contention. The finding of facts must be considered and construed as a whole. *Sputh* v. *Francisco State Bank* (1938), 105 Ind. App. 149, 13 N. E. (2d) 880. When thus con-

sidered, it is clear that the court found that there was a consideration for the note executed for and delivered to Magenta Kennedy, for it found that on the date such note was executed "the, defendants were indebted to the plaintiff, Magenta Kennedy, in the sum of $750.00" and that "defendants as payment of said indebtedness delivered to her the promissory note." The findings amply sustain the conclusions of law. Even though it could be said that the findings are silent as to such consideration, appellants are incorrect as to the effect thereof, for the party alleging that consideration of a note is illegal or that there was no consideration therefor has the burden of proof to establish such fact. *Fisher* v. *Fisher* (1894), 8 Ind. App. 665, 36 N. E. 296; *Pritchett* v. *Sheridan* (1902), 29 Ind. App. 81, 63 N. E. 865; *Bright Nat. Bank* v. *Hartman* (1916), 61 Ind. App. 440, 109 N. E. 846. All facts not embraced within the special finding will be deemed not proved by the party having the *burden of the issue,* and the failure to find a fact essential to recovery will be regarded as a finding against the party having the burden of proof. *Patterson* v. *Gary Land Co.* (1936), 101 Ind. App. 644, 188 N. E. 685. Since the burden of proving want of consideration was on defendants, a failure to find on that issue would be equivalent to a finding against them.

By the assignment of error in the overruling of the motion for new trial, appellants contend that the verdict is not sustained by sufficient evidence and is contrary to law. However, what purports to be a bill of exceptions containing the evidence, although not designated as such by appellants, is not shown to have been filed with the clerk. The transcript does not show that the bill of exceptions was filed in the clerk's office either by an order book entry or by the certificate of the clerk. Moreover, there is no caption

or formal commencement of the purported bill of exceptions to identify it. The bill of exceptions is not properly in the record. *Harker* v. *Eisenhut* (1937), 212 Ind. 67, 6 N. E. (2d) 936. It should also be observed that appellants have not complied with the rules of this court in the preparation of their brief, in that none of the exhibits constituting a part of the evidence are set forth either in their condensed recital of the evidence or in the statement of the record. The evidence not being in the record, any question as to the sufficiency of the evidence is waived. *Watson, Admx.* v. *Vanosdal, Rec.* (1939), 215 Ind. 149, 19 N. E. (2d) 269.

Appellants, by independent assignments of error and by specifications 1, 2, and 3 in their motion for new trial, attempt to present the question that the judge trying the cause had no jurisdiction of the subject-matter nor of the parties to the action, and complain of alleged irregularity in the proceedings of the court in reassuming jurisdiction after a change of judge had been granted. It is contended that the court erred in overruling defendants' oral motion to require the clerk of the court to certify to the Governor the fact that a special judge selected to try the action had not qualified, and that misconduct of plaintiffs' attorneys in erroneously representing to the court that the application for change of judge theretofore filed by defendants had been withdrawn by agreement of the parties and that neither party would take a change of venue from the county or from the judge, induced the court to reassume jurisdiction to the prejudice of defendants.

From an examination of the record it appears that defendants' request for change of judge was granted, and that, after plaintiffs and defendants each had struck a name from three submitted by the court, there

remained the name of Lawrence Becker who was, by the regular judge, on June 15, 1939, appointed special judge to try the cause. No further proceedings appear thereafter until March 11, 1940, on which date an order book entry recites that "comes now the plaintiffs and Judge Lawrence Becker having failed to qualify as special judge, the plaintiffs and defendants agree to withdraw application for change of venue and said application is now withdrawn and said parties agree that neither shall take a change of venue from the county or judge. This cause is continued to a later date for trial." Nowhere does the record recite that a motion was made to require the clerk to certify the fact to the Governor that the special judge had not qualified. The record thereafter shows that on April 1, 1940, the defendants "object to the judge, Bertram C. Jenkines, reassuming jurisdiction of said cause, the court finds that on March 9, 1940, a written stipulation was entered into between the parties, plaintiff and defendant, and filed on March 11, 1940, as follows: 'come now the plaintiff by counsel, John Kennedy, and the defendants by their attorney Cordell C. Pinkerton, and stipulate and agree to leave the above mentioned cause continued, and have the same set down for trial on the next regular printed calendar. The defendants and plaintiff further agree not to take a change of venue from the county or regular judge.' The defendants' objections overruled, to which ruling of the court the defendants duly except."

Appellants' counsel incorporate in their motion for new trial an affidavit to the effect that specifications numbered 1, 2, and 3 thereof, concerning this alleged error, are true. However, such affidavit cannot serve to contradict or vary the record which imports verity. *City of Bloomington* v. *Phelps*

(1898), 149 Ind. 596, 49 N. E. 581; *Smith* v. *Goetz* (1898), 20 Ind. App. 142, 49 N. E. 386, 50 N. E. 397; *Bau* v. *Short* (1929), 89 Ind. App. 17, 165 N. E. 560. Appellate courts presume that the record on appeal properly authenticated is true and correct. *Williams* v. *Freshour* (1894), 136 Ind. 361, 36 N. E. 280. It is to be noted that no motion was filed by appellants to correct the entry of the court, *nunc pro tunc*. The only question that is presented by the record for this court to decide is whether the court erred in overruling the objection of appellants to the regular judge reassuming jurisdiction. The entry upon such question, as heretofore stated, shows that the court found the stipulation of the parties to have been theretofore made. If any evidence was heard on the objection, it does not appear from the record entry, nor do appellants bring before this court any such evidence by a special bill of exceptions. Upon this state of the record, this court cannot say that the regular judge wrongfully reassumed jurisdiction of the cause or erroneously overruled defendants' objections to his doing so. When a court of general jurisdiction assumes jurisdiction over a cause, all presumptions will be indulged in favor of the action of such court. *Runner, Assignee* v. *Scott, Executor* (1898), 150 Ind. 441, 50 N. E. 479; *Holman* v. *Robbins* (1892), 5 Ind. App. 436, 31 N. E. 863. It must be presumed that all acts of the court are correct, and that it will act circumspectly and in accordance with the law until the contrary is made to appear. *Berry-Enright Lumber Co.* v. *Gardner* (1937), 104 Ind. App. 9, 7 N. E. (2d) 523; *City Nat. Bank & Trust Co.* v. *American Nat. Bank* (1940), 217 Ind. 305, 24 N. E. (2d) 558, 27 N. E. (2d) 764. There being no showing to this court to the contrary, it must be presumed that the court

reassumed jurisdiction upon the agreement of the parties that he should do so as shown by the record.

Judgment affirmed.

NOTE.—Reported in 41 N. E. (2d) 674.