No. 6928.

## HOUK ET AL. *v.* BARTHOLD.

**DITCHES AND DRAINS.**—*Appeal from Board of Commissioners.*—*Statute Construed.*—The language of the proviso in section 10 of the drainage law of 1875, 1 R. S. 1876, p. 430, "Any party aggrieved may ap-

Houk *et al. v.* Barthold.

peal," gives a general right of appeal from orders entered by a board of commissioners under authority of any section of such drainage law.

SAME.—Under section 31 of the act in relation to the organization of county boards, 1 R. S. 1876, p. 357, any one aggrieved has a right of appeal from the orders of a board of county commissioners in relation to the establishment of a ditch under the act of 1875, *supra*.

STATUTE.—*Rule of Construction.*—In construing the meaning of a statute, courts must look to the intention of the Legislature, apparent from the entire statute, and not to the particular phraseology or location of clauses.

JURISDICTION.—*Presumption.*—Where a court of general jurisdiction exercises jurisdiction, it will be presumed that it rightfully assumed and exercised such authority, unless the record affirmatively shows want of jurisdiction.

SAME.—*Supreme Court.*—*Practice.*—Where a court has jurisdiction of the subject-matter, the record, on appeal to the Supreme Court, must not only affirmatively show the error complained of in the method of getting the particular cause in court, but must also show that the irregularity complained of was brought to the attention of the trial court.

PARTY.—*Assessment.*—Where an assessment is made against land under the drainage law, *supra*, and the owner is named in such assessment, this is sufficient to make him a party to the proceedings, although not named in the petition asking an order for the construction of the ditch, and to entitle him to an appeal from such proceedings.

SAME.—*Name.*—*Initials.*—*Identity.*—Objection to the identity of a person can not be raised for the first time in the Supreme Court, on account of the use of the initial letters of proper names in the assessment made by the commissioners in such proceedings.

SUMMONS.—*Default.*—*Judgment.*—*Record.*—Where a judgment is rendered by default, unless the record shows that summons was issued and served, the judgment will be reversed on appeal.

SAME.—*Appeal in Vacation* —Where an appeal is taken in vacation from an order of a board of county commissioners, summons must be issued and served upon the adverse parties thereto.

WAIVER.—*Jurisdiction.*—An appearance, to move to have a default set aside upon the ground of want of notice of an appeal from an order of the board of commissioners, does not waive the right to object to the jurisdiction of the court in which such motion is made.

From the Allen Circuit Court.

*L. M. Ninde,* for appellants.

*S. F. Swayne* and *P. V. Hoffman,* for appellee.

ELLIOTT, J.—On the 21st day of June, 1876, appellants presented to the board of commissioners of Allen county a

petition for the construction of a ditch. Bond was filed, notice given, and viewers were appointed. On the 8th day of September, 1876, an order was made, "establishing the ditch as prayed for." There was no appearance before the commissioners by the appellee, and the order was granted without opposition. The appellee filed an appeal bond on the 7th day of October, 1876, with the auditor, and the record was certified to the circuit court. No notice of appeal, nor of the pendency of the action in the circuit court, was given the appellants. On the 29th day of the November term appellants were called, and default entered against them. Appellants moved to set aside this default before judgment was formally entered. This motion was, however, not made until April, 1877.

It is conceded by appellants' counsel that the appeal bond was filed within thirty days after the final order of the commissioners, but it is insisted that the appellee had no right of appeal at all.

Counsel argues that, as there was no appearance before the commissioners, and no resistance of any kind made to the petition, there is no right of appeal. It is contended that section 4 of the act of 1875, concerning the ditching of wet lands, provides for an order from which there is no appeal, and that the right of appeal given in section 10 applies only to the cases provided for by sections 9 and 10. Section 4 is as follows: "Said board of commissioners, at the time set for the hearing of said petition, shall, if they find the provisions of the 2d section of this act to have been complied with, proceed to hear said petition, and if they find such proposed work to be necessary and conducive to public health, convenience or welfare, or of public benefit or utility, they shall establish the same as specified by the report of the viewers."

Sections 9 and 10 are as follows:

"Sec. 9. If any application for compensation or damages

shall have been made agreeably to the 3d section of this act, the board of commissioners shall order the viewers and reviewers to determine, by actual view of the premises, the compensation or damages sustained by and to be paid to such applicant, which shall be a part of their said report. After the report of such viewers or reviewers shall have been made, the petitioners may discontinue the said proceedings by paying all costs that have accrued up to the time of such discontinuance, and notifying the auditor in writing that they will not further prosecute the same. But no proceeding shall be discontinued unless the notice thereof shall be signed by a majority of the petitioners for such proposed work.

"Sec. 10. Upon the filing of the report of such reviewers, the board of commissioners shall establish such proposed work as described in the report of such reviewers, and shall award to all applicants for compensation or damages the sum reported by such reviewers to be paid to them, and shall order the same paid out of the county treasury; *Provided*, Any party aggrieved may appeal to the circuit court as provided by law for appeal from commissioners."

It is evident that different orders are provided for, but we do not think that the Legislature meant to confine the right of appeal to one class of cases or orders only. The provision, "Any party aggrieved may appeal to the circuit court as provided by law for appeal from commissioners," was intended to give a general, not a limited, right of appeal. A clause is not necessarily to be restricted to the section in which it is found, nor to the sections with which it is immediately connected. Courts are to look to the intention of the Legislature, apparent from the entire statute, and not to the particular phraseology or location of clauses. The language of the clause quoted is broad enough to give a general right of appeal, and there is nothing in the context requiring us to hamper it by a limitation or restriction.

The conclusion we have reached is strengthened by the language of the section which directly follows that containing the clause giving the right of appeal. In section 11 it is declared, that, "If no damage or compensation shall have been claimed, or if no appeal shall have been taken from the action of the board of commissioners," then certain orders shall be made by the board. Two cases are here clearly provided for—one where there is a claim for damages, another where there is an appeal; thus indicating that the right of appeal is not restricted solely to cases where a claim for damages is interposed.

The provision of the commissioners' statute is, of itself, broad enough to authorize an appeal. The language of section 31 is very broad : "From all decisions of such commissioners there shall be allowed an appeal." 1 R. S. 1876, p. 357, sec. 31.

The order of the board "establishing the ditch" is certainly a decision, and, if a decision, the aggrieved party has a right of appeal under the general statute. The clause quoted from section 10 of the ditching statute, by reference, embodies the provisions of section 31 of the commissioners' statute, and thus expressly applies them to all final decisions under the former act. The right of appeal from final judgments of inferior tribunals is one which ought not to be abridged by strict construction, but, on the contrary, should rather be extended, for the provisions of the statute conferring it are clearly remedial.

It is argued that, as the appellee was not named in the petition or notice, he was not a party to the proceeding, and therefore had no right to appeal without filing an affidavit showing his interest in the matter decided. We can not say that such an affidavit was not filed. As the circuit court is one of general jurisdiction, and, as it did exercise jurisdiction, we must presume that it rightfully assumed and exercised such authority. The affidavit was not necessarily a part of the

Houk *et al. v.* Barthold.

record, and we can not, from the silence of the record, in-
fer, as against the action of the trial court, that none was
filed.    In *Scraper* v. *Pipes*, 59 Ind. 158, it was held that,
where the record was silent, and it did not affirmatively ap-
pear by affidavit, that a preliminary step (there the issu-
ing of a summons) was not taken, a motion to dismiss was
correctly overruled.

The motion upon which the appellants base this appeal
does not attack the default or judgment upon the ground
that an affidavit was not filed.    That question was not pre-
sented to the lower court in any form, and it can not be pre-
sented here for the first time.    The circuit court did have
general jurisdiction of appeals, and of the subject-matter in-
volved in this particular controversy, and it can not, there-
fore, be correctly said that there was no jurisdiction of the
subject-matter.    Of course, if there was no jurisdiction of
the subject-matter, the appellants could not have waived ob-
jection—indeed, could not have conferred jurisdiction by ex-
press consent.    But, as we have said, there was jurisdiction
of the subject-matter; and, if there was any error at all, it
was in the method of getting the particular cause into the
circuit court.    Unless the record affirmatively shows that
error, we must, upon familiar rules, sustain the jurisdiction
of the circuit court.    The cases warrant us in going further;
for, unless the record affirmatively shows that the irregular-
ity complained of was brought to the attention of the court
below, we can not give it any consideration at all on appeal.

We think that the appellee was a party to the proceed-
ings, although not named in the petition.    An assessment
was made against his lands, and he is expressly named as
one against whose lands an assessment is laid.    This made
him a party to the proceedings.    He must be regarded as a
party, or the assessment must be held to be utterly void; for
certainly a judgment can not be rendered by the commis-
sioners against one who is not, actually or constructively, a

party to the proceedings. Evidently the statute did not mean to restrict the application of the term "parties" to such persons only as were named in the petition or notices. The petitioners, by their act, brought the appellee into the proceedings, and they ought not now to be allowed to assert that he was not a party, and thus cut off his right of appeal.

It is argued that, as the appellee is described as F. W. Barthold in the assessment roll, we can not presume that he is the same person who is here the appellee. There is little, if any, plausibility, and certainly no merit, in this argument. The presumption is, and ought to be, in favor of the ruling of the court below; especially so where the appellants, although they had ample opportunity, did not deny that F.W. Barthold was the same person as Frederick W. Barthold. No attempt was made to show that the appeal was taken by one who had no right to take it, and the objection is entirely too late, if it were otherwise meritorious.

It is contended that, as the appeal was taken in vacation, a summons ought to have been issued and served upon the appellants. It does not affirmatively appear, by affidavit or otherwise, that no summons was issued. *Scraper* v. *Pipes* is cited by appellee as sustaining the doctrine that, where the record is silent, the issuance and service of summons will be presumed. We are unwilling to give that case such an extended application as that claimed for it by appellee. The question in that case arose upon a motion to dismiss the appeal made by the petitioners in a highway case, and is clearly distinguishable from the present. There, the party questioning the right of appeal was seeking to have the appeal dismissed because the notice required by statute had not been given. Here, the party is seeking to have a default set aside in order that he may be allowed to have a hearing upon the merits. In the former case there was still a right to issue a summons, and get the cause properly into the circuit court. In the present there is a final judgment

which determines the whole controversy forever, unless the appellants can be relieved from the default and judgment against them. The question here involved was not presented in the case cited, and was neither discussed nor decided.

The statute giving the right of appeal provides that, when the appeal is taken in vacation, the appellant shall cause a summons to be issued and served. 1 R. S. 1876, p. 357. The provision is explicit, and allows appeals in vacation only upon condition that a writ shall be issued against, and served upon, the parties whose interests are adverse to those of the party by whom the appeal is taken. Until there has been service of such summons, there is no jurisdiction of the persons of the parties adverse to the parties who prosecute the appeal from the commissioners. There can be no fair debate upon the proposition, that, where notice or summons is required in order to get a party into court, jurisdiction of the person can not be acquired without such notice, except upon voluntary appearance, or by waiver. The only question admitting of doubt or debate is, what is the rule where the record in such a case is silent? We can not receive any assistance from those cases which hold that, where the attack is collaterally made, and the record is silent, jurisdiction will be presumed, for here the attack is made in the most direct method possible. There are, however, cases which declare a rule within which we feel bound to place this case. It was held as early as *Rany* v. *The Governor*, 4 Blackf. 2, that, where a judgment was rendered by default, the record must show that summons was issued and served, and this general doctrine has been approved again and again. In *Cochnower* v. *Cochnower*, 27 Ind. 253, the question was much discussed, and it was held that, although there was no attempt to set aside the default in the court below, yet, if the record did not show service of process, the judgment must be reversed. We are unable to perceive any difference between the present case and those

cited. The statute requiring summons to be issued and served is as explicit and mandatory as in cases where an original action is commenced. The only way in which the party adverse to the one who appeals from the judgment of the commissioners can be got into court, is by summons issued and served, and until this has been done the court has not acquired jurisdiction of the person.

It is said by the appellee that the affidavit, filed in support of the motion to set aside the default, does not show that the appellants' cause had any merit. It was not necessary that it should. If it appeared that the court had no jurisdiction of the person, enough was shown to require the default to be set aside, for in such a case there was an entire want of authority to render any judgment at all.

Appellee urges that, as appellants appeared and did not object to the jurisdiction of the court, they waived all objection, and we are referred to *Jelley* v. *Gaff*, 56 Ind. 331. This position is not tenable, nor is that case at all in point. Appellants asked to have the default set aside upon the express ground that they had not had notice of the appeal, and they did nothing waiving any right to object to the jurisdiction of the court. Their motion was, in itself, such an objection.

Judgment reversed, at costs of appellee, with instructions to set aside the default and judgment, and for further proceedings in accordance with this opinion.