Filed May 13, 1893.

———————◆———————

No. 850.

## Van Auken v. Hook et al.

County Commissioners.—*Appeal from Separate Allowances.—How Taken.— Appellant not a Party to Proceedings.*—Where distinct claims, by different persons, were filed before a board of commissioners, and separate allowances were made, such allowances can only be appealed from, when the appellant is not a party to the proceedings, by filing a separate affidavit to each claim as required by section 5772, R. S. 1881, and an appeal bond as to each claim. Such allowances can not be appealed from jointly.

From the Noble Circuit Court.

*H. G. Zimmerman, J. A. Woodhull* and *W. Brown,* for appellant.

*W. L. Penfield,* for appellees.

Ross, J.— This is an appeal from separate allowances made by the board of commissioners of Dekalb county, Indiana, to the appellees, seven in number.

At the September term, 1891, of the commissioners court, each of the appellees filed a separate account against Dekalb county for services rendered, at the instance of the board of commissioners, on public ditches in said county, which accounts were duly allowed by said board at said term. Several days after the allowance of said claims, the appellant filed with the auditor of Dekalb county his affidavit, in which he deposed that he was a taxpayer of Dekalb county, and as such was interested in all orders made by the board of commissioners of said county, taking money out of the county treasury. That as such taxpayer he was interested in and aggrieved by the order of the board allowing said claims. He prayed an appeal from the order of the board to the Dekalb Circuit Court, and filed an appeal bond in the sum of one hundred dollars, which was approved by the auditor.

In the circuit court the appellees appeared specially, and separately moved to dismiss the appeal for the reason that said appeal was without authority of law, and without sufficient affidavit and bond, and for the further reason that each claim was a separate and distinct claim against Dekalb county. These motions were overruled by the court, and thereupon each of the appellees filed his separate motion and affidavit for change of venue from the county, which was granted, and the cause sent to the Noble Circuit Court.

In the Noble Circuit Court, the appellees each filed his separate motion to separate and docket separately each of their said claims, and also filed their separate motions to dismiss said appeal, both of which motions were sustained by the court, to which rulings the appellant excepted, and these rulings are the basis for the errors assigned in this court.

Section 5772, R. S. 1881, provides that " From any decision of such commissioners there shall be allowed an appeal to the circuit court by any person aggrieved ; but if

such person shall not be a party to the proceeding, such appeal shall not be allowed, unless he shall file, in the office of the county auditor, his affidavit, setting forth that he has an interest in the matter decided, and that he is aggrieved by such decision, alleging explicitly the nature of his interest."

And section 5773 provides: " Such appeal shall be taken within thirty days after the time such decision was made, by the appellant filing with the county auditor a bond, with sufficient penalty and sureties, to be approved by said auditor, with condition for the due prosecution of such appeal and the payment of all costs, if the same shall be adjudged against said appellant."

It will be seen from the provisions of section 5772, *supra,* that if the person appealing is not a party to the proceedings, in order to appeal he must file an affidavit meeting the requirements of the statute.

In this case each of the appellees filed a separate and distinct claim in no way connected one with the other, and the board of commissioners made a separate allowance to each of the appellees. In order, therefore, that the appellant could take an appeal from the allowance of any one of the claims, he must have made and filed the necessary affidavit and bond required by the statute. The separate allowance to each of the appellees was, in fact, that many separate decisions which must be appealed from separately. The appellant filed but one affidavit and one bond, and perfected but one appeal, and that from a joint judgment, while the record shows separate judgments in favor of each of the appellees. The appellant did not file such affidavit and bond in each case as the law requires.

The ruling on the motion to dismiss the appeal is the only question of importance presented in this court, and inasmuch as the court below committed no error in dismissing the appeal, intermediate errors, if there were any, were harmless.

Van Auken *v.* Hook *et al.*

We find no error in the record for which the judgment of the lower court should be reversed.

Judgment affirmed.

Filed May 10, 1893.

## CONCURRING OPINION.

DAVIS, J.—The theory on which the appeal was taken appears to have been that the several allowances constitute one decision only. This position is not tenable. The allowance in favor of each party was a separate decision. In order to review such decisions, a separate appeal should have been prosecuted from each allowance. This, it is true, could have been done through one affidavit and one bond properly worded, and conditioned, showing an intention to appeal from the allowance so made in favor of each appellee in said order. The defects could, and perhaps would, have been corrected on proper application in the trial court, but as no such request was made, there was no error, for reasons stated in the rulings of the court below.

With these observations, I concur in the principal opinion.

Filed May 10, 1893.