WHISENAND ET AL. *v.* BELLE ET AL.

[No. 18,672. Filed January 11, 1900.]

COUNTY COMMISSIONERS.—*Appeal.*—*Abandonment of Appeal.*— *Dismissal.*—An appeal to the circuit court from the action of the county commissioners in the establishment of a free gravel road was properly dismissed, where after filing an appeal bond the appellants instituted an action to enjoin the construction of the

road and delayed taking any further steps to perfect their appeal for a period of ten months.  *pp. 39–42.*

APPEAL AND ERROR.—*Record.*—The Supreme Court will not reverse the action of the circuit court in dismissing an appeal from the proceedings of the county commissioners establishing a free gravel road on account of the insufficiency of the affidavit and appeal bond where the affidavit is merely copied in the record by the clerk without a bill of exceptions or order of court.  *pp. 42, 43.*

From the Monroe Circuit Court.  *Affirmed.*

*H. A. Lee, L. M. Grimes, J. E. Henley* and *J. B. Wilson,* for appellants.

JORDAN, J.—Proceedings in this cause were instituted in February, 1896, upon the petition of appellees to the board of commissioners of Monroe county, Indiana, to secure the construction of a free gravel road or pike, under the provisions of an act of the legislature passed in 1893, as amended in 1895 (Acts 1893, p. 196, Acts 1895, p. 143).

Such steps were taken before the board of commissioners upon said petition as resulted in an election being held in Clear Creek township in said county, at which election a majority of the qualified electors voted in favor of said improvement, and thereupon the board, on April 23, 1896, made a final order for the construction of said road.  Appellants, who apparently were strangers to the proceedings before the board of commissioners, undertook to appeal from said final order to the Monroe Circuit Court, under §7859 Burns 1894, §5772 R. S. 1881 and Horner 1897, which authorizes an appeal to the circuit court from any decision of the board of commissioners by an aggrieved person not a party to the proceedings upon his filing in the office of the county auditor his affidavit showing that he is aggrieved by such decision, and disclosing therein that he has an interest in the matter decided.

Sections 7860 Burns 1894, §5773 R. S. 1881 and Horner 1897, provides that such appeal shall be taken in thirty days after the decision, by the appellant filing with the

auditor of the county a bond with sufficient penalty and sureties to the approval of such auditor, etc. Section 7861 Burns 1894, §5774 R. S. 1881 and Horner 1897, provides that the auditor shall, within twenty days after the filing of such appeal bond, make out a complete transcript of the proceedings of the board relating to the proceedings appealed from, and shall deliver the same, and all papers and documents filed, and the appeal bond, to the clerk of the court to which the appeal is taken.

It is disclosed by the entry of the clerk of the lower court that appellants, on March 17, 1897, filed in the office of said clerk a transcript of the proceedings had before the commissioners, together with the original papers filed in said cause, and also an affidavit and appeal bond filed therein; which transcript, papers, affidavit, and bond, it is stated in said entry, "are in the words and figures as follows, to wit:" Here follows in the record a transcript of the proceedings in said cause before the board of commissioners. This transcript, however, in no manner recites or shows the filing of any affidavit by appellants for an appeal in the office of the auditor; neither does it show that any appeal bond was filed with and approved by said official. In respect to these matters, the transcript certified to the circuit court by the auditor is entirely silent. At the close of this transcript appears the certificate of the county auditor, bearing date of March 10, 1897, whereby he certifies "That the foregoing is a true and complete transcript of all the papers, proceedings, and judgment of the board of commissioners in said cause, etc., as the same appears from the files and records of my office." Following this certificate, the clerk has copied two certain documents, one of which purports on its face to be an appeal bond; the other professes to be an affidavit for an appeal from the decision of the board to the circuit court.

After the cause was docketed in the lower court, appellees, in response to the summons of the court, appeared in

said action and filed their motion to dismiss the appeal, assigning therein numerous reasons why the said appeal ought to be dismissed, among which are the following: (1) For the reason that an appeal bond was filed on May 19, 1896, and the transcript was not filed with the clerk of the circuit court until March 17, 1897; (2) that the affidavit is not sufficient; that it does not show that appellants are aggrieved, etc.; (3) that the appeal bond was not filed in time; (4) for the reason that the record shows that appellants, after filing their appeal bond, commenced proceedings in the circuit court to enjoin the construction of said road or pike; that they secured a temporary restraining order, which, upon appeal to the Supreme Court, was reversed; and said injunction proceedings, after said reversal, were decided in the lower court adversely to appellants.

The court, over appellants' exceptions, sustained this motion and dismissed the appeal, and granted appellants ten days in which to file a bill of exceptions. The latter filed their bill of exceptions within the time allowed. This bill embraces the motion to dismiss, and the ruling of the court thereon. It further appears from said bill that, upon examination by the court of the files and records of the Monroe Circuit Court, it was disclosed that plaintiffs (appellants herein), John P. Harrell, and others, on May 26, 1896, commenced proceedings in the Monroe Circuit Court to enjoin the construction of said pike, and secured from the court a temporary injunction enjoining the board of commissioners of said Monroe county from in any manner proceeding in the construction of said improvement. From the judgment awarding this temporary injunction, the bill of exceptions shows that the board of commissioners appealed to the Supreme Court, and, on February 23, 1897, that this court reversed the judgment of the Monroe Circuit Court; that on April 23, 1897, the Monroe Circuit Court sustained a demurrer to the complaint in said action for an injunction, and rendered judgment against appellants for costs.

The only error assigned by appellants in this appeal is that the court erred in dismissing their appeal from the decision of the board of commissioners. The facts set out in the bill of exceptions, considered in connection with other facts disclosed by the record, in our opinion, clearly justify the action of the lower court in dismissing the appeal.

It appears that appellants, on May 26, 1896, a few days after filing their appeal bond, which is said to have been filed on May 19, 1896, instituted an action to enjoin the construction of the pike or road in question, and were successful in being awarded by the Monroe Circuit Court a temporary injunction. This judgment, upon appeal to the Supreme Court, was reversed, and, upon the cause being remanded to the lower court, the latter, on April 23, 1897, decided adversely to appellants. After filing their appeal bond, appellants seem to have delayed taking any steps to perfect their appeal for a period of ten months, as it is disclosed that they did not file a transcript of the proceedings had before the board of commissioners with the clerk of the Monroe Circuit Court until March 17, 1897, during which period they seem to have been prosecuting another action to defeat the construction of the improvement in question. When the fact of the long delay upon the part of appellants in attempting to perfect their appeal—for which delay no excuse is shown—is considered in connection with the other fact that appellants, after filing their appeal bond, instituted an action for injunction to secure the desired relief, we think it is conclusively shown that they had abandoned their appeal to the circuit court from the board's decision, and thereby waived their right to perfect the same by filing a transcript of the proceedings before the board with the clerk of the lower court; and for this reason alone they could have no standing in court to prosecute the appeal, and hence it was properly dismissed.

Again, upon another view of the case, the judgment must be affirmed. The motion to dismiss, as heretofore shown,

assailed the sufficiency of the affidavit and the appeal bond. The transcript certified by the auditor in no manner sets out or refers to either the appeal bond or affidavit. It is entirely silent in respect to the filing with the auditor of the affidavit and the bond, or in regard to the approval of the latter by that official. In this respect, at least, the transcript of the proceedings before the board was not complete, and the appeal, therefore, was not perfected as the law required. Shirk v. Moore, 96 Ind. 199.

It is true that the clerk of the lower court, as stated, has copied into the transcript, prepared by him for this appeal, what purports to be an affidavit; but this latter document is not made a part of the record by any bill of exceptions, nor is there any order of court authorizing the clerk to make it a part of the record. It must follow, therefore, that it, under the circumstances, can not be considered as a part of the record on appeal to this court.

In the absence from the record of the affidavit in controversy, we are not in a position to decide upon its sufficiency, and, as we are required to indulge all presumptions in favor of the ruling of the lower court, we may reasonably assume that the court sustained the motion to dismiss for the reason that the affidavit in support of the appeal was not sufficient. Judgment affirmed.