ROBBINS *v.* BOARD OF COMMISSIONERS OF THE COUNTY OF MARSHALL.

[No. 3,068.   Filed March 15, 1900.]

COUNTY COMMISSIONERS.—*Appeal.*—*Parties.*—*Affidavit.*—One who is not a party cannot appeal from the decision of the board of county commissioners unless he files with the county auditor his affidavit setting forth that he has an interest in the matter decided, and that he is aggrieved by such decision, alleging explicitly the nature of his interest.

From the Starke Circuit Court. *Affirmed.*

*J. M. Fuller, H. R. Robbins, J. W. Nichols* and *W. C. Pentecost,* for appellant.
*E. C. Martindale* and *S. N. Stevens,* for appellee.

ROBINSON, J.—Marshall county presented a claim against Starke county for costs of the trial of a felony committed in Starke county, and venued to Marshall for trial. This appeal is from a judgment of the Starke Circuit Court dismissing appellant's appeal from an order by the board of commissioners of Starke county allowing the claim.

Section 7859 Burns 1894, §5772 Horner 1897, provides: "From any decision of such commissioners there shall be allowed an appeal to the circuit court by any person ag-

grieved; but if such person shall not be a party to the proceeding, such appeal shall not be allowed, unless he shall file, in the office of the county auditor, his affidavit, setting forth that he has an interest in the matter decided, and that he is aggrieved by such decision, alleging explicitly the nature of his interest."

No affidavit was filed by appellant in compliance with this section. An affidavit was filed with the appeal bond, in which appellant swore that he is worth a named sum over and above his indebtedness, but it contains none of the requirements of the above statute. Appellant was not a party to the proceedings when brought in the commissioner's court; and conceding, without deciding, that a person might, upon his own application, become a party in such case, appellant did not afterwards become a party in that court. The transcript of that court's proceedings contains a copy of what purports to be an answer by him, but it does not appear in the transcript that this answer was ever filed in that court, that any notice was taken of it, that any issue was made by it, or trial had.

In the trial of causes the commissioner's court must comply, as far as practicable, with the rules for conducting business in the circuit court. §7827 Burns 1894, §5742 Horner 1897. See also *Little* v. *Thompson*, 24 Ind. 146; *Hedrick* v. *Hedrick*, 55 Ind. 78.

It does not in any way appear that he was at any time recognized as a party to the proceedings in the commissioners' court. In the absence of some affirmative showing that he did in fact become a party to the proceedings in that court in some manner, he can not be excused, if he desires to appeal, from complying with the above statute.

Judgment affirmed.