## WORKMAN *v*. BENT.

[No. 6,422.  Filed December 17, 1909.]

APPEAL.—*From Boards of Commissioners.—"Aggrieved" Persons.— Taxpayers.*—A resident, citizen and taxpayer of a county is entitled to appeal as an "aggrieved" person, under §6021 Burns 1908, §5772 R. S. 1881, giving such person a right of appeal from an allowance by the board of commissioners.

From Wabash Circuit Court; *A. N. McCracken*, Special Judge.

Appeal by Walter S. Bent from an allowance to Joseph B. Workman by the Board of Commissioners of the County of Wabash. From a judgment against claimant, he appeals. *Affirmed.*

*G. A. Henry* and *Walter G. Todd*, for appellant.

*D. F. Brooks* and *Walter S. Bent, in pro. per.*, for appellee.

PER CURIAM.—This is an appeal taken from an order of allowance by the Board of Commissioners of the County of Wabash, whereby said board allowed the sum of $2,189.38 to appellant for discovering and placing upon the tax duplicate taxes on sequestered property, under a contract with said board for such services. Appellee filed an affidavit of

appeal, under §6021 Burns 1908, §5772 R. S. 1881. Appellant moved to dismiss the appeal, on the ground of the insufficiency of the affidavit, which motion was overruled, and this ruling is presented as reversible error.

The affidavit shows that appellee is a resident, citizen and taxpayer of said county; that the board of commissioners had allowed the claim, describing it; that said claim was filed under a contract with said appellant to search for sequestered property and cause the same to be placed on the tax duplicate for taxation; that said contract was illegal and unauthorized in law, and that the commissioners, in making the allowance, acted without authority in the premises.

The defect urged against this affidavit is that it does not show that appellee is "aggrieved." The contention cannot be sustained. One who is compelled to pay taxes to pay an illegal claim against the county, certainly has a grievance, and the motion to dismiss was properly overruled.

The controlling question in this case, being the right of the board of commissioners to enter into the contract for the ferreting out of sequestered property for the purpose of taxation, is identical with the question decided in *State, ex rel.,* v. *Goldthait* (1909), 172 Ind. 210, and upon the authority of that case this case is affirmed.