Hall *v.* Kincaid—64 Ind. App. 103.

---

## HALL ET AL. *v.* KINCAID ET AL.

[No. 9,537. Filed March 15, 1917.]

1. COUNTIES.—*Removal of County Seat.—Nature of Proceedings.—Statute.*—Where a petition is filed under §5849 Burns 1914, Acts 1885 p. 221, asking the board of county commissioners to order an election to determine the relocation of a county seat, the petition is not a complaint, the proceeding is not an adversary civil action, no property rights are involved, and the statute makes no provision for the filing of motions, demurrers, answers or remonstrances. p. 112.

2. COUNTIES.—*Removal of County Seat.—Right to Remonstrate.* —A remonstrance is unknown to both the common law and the Code, and can be filed in no proceeding unless specifically authorized by statute. p. 113.

Hall *v.* Kincaid—64 Ind. App. 103.

3. COUNTIES.—*Removal of County Seat.—Right to Oppose Petition.—Right of Appeal.*—Under §5849 *et seq.* Burns 1914, Acts 1885 p. 221, concerning the relocation of county seats, no provision is made for any person to oppose the petition, and citizens, voters or taxpayers cannot come voluntarily before the board of county commissioners or in the circuit court as parties, nor can they initiate themselves as such on appeal.   p. 113.

4. COUNTIES.—*Removal of County Seat.—Nature of Proceedings.*—Proceedings under §5849 *et seq.* Burns 1914, Acts 1885 p. 221, to relocate a county seat is a special statutory proceeding for a special purpose, and the duties of the board of county commissioners are ministerial, and not judicial, so that there can be no parties within the meaning of that term as used in the Civil Code.   p. 114.

5. APPEAL.—*Nature of Appeal.—Decisions Appealable.*—In strict legal contemplation an appeal is the removal of an action from an inferior court to a superior court, and there can be no appeal except from a decision involving the exercise of judicial power.   p. 114.

6. COUNTIES.—*Appeal from Board of County Commissioners.*—There can be no appeal from the board of county commissioners in matters purely administrative or ministerial under §6021 Burns 1914, §5772 R. S. 1881, providing that any person aggrieved may appeal to the circuit court from any decision of the board.   p. 114.

7. COUNTIES.—*Removal of County Seat.—Right to Appeal.—Statute.*—Although §6021 Burns 1914, §5772 R. S. 1881, provides that no appeal shall be taken from any decision of the board of county commissioners by a person not a party to the proceeding unless he shall file his affidavit with the county auditor setting forth that he has an interest in the matter decided, in view of §5858 Burns 1914, Acts 1885 p. 221, allowing appeals to the circuit and supreme courts in proceedings for the removal of a county seat by any person aggrieved, an appeal by remonstrants will be entertained, where the circuit court has exercised jurisdiction, even though they have not filed such an affidavit.   pp. 114, 117.

8. APPEAL.—*Appeal from Intermediate Court.—Exercise of Jurisdiction by Circuit Court.—Presumption.*—Where the circuit court has assumed jurisdiction in an appeal from a decision of the board of county commissioners, it will be presumed on appeal to the Appellate Court that it did so rightly.   p. 116.

9. APPEAL.—*Right of Appeal.—Compliance with Statutory Requirements.*—The right of appeal is wholly statutory, except where expressly secured by the Constitution, so that all requirements of the statute for taking and perfecting an appeal are

deemed jurisdictional and must be strictly complied with. p. 116.

10.   APPEAL.—*Statutes Authorizing Appeals.—Construction.*—As statutes conferring the right of appeal are remedial, they should be liberally construed.   p. 117.

11.   COUNTIES.—*Removal of County Seat.—Appeal.—Statute.—Construction.*—Section 5858 Burns 1914, Acts 1885 p. 221, providing that appeals shall be allowed to the circuit or supreme courts by persons aggrieved, as in other cases, from proceedings before the board of county commissioners for the removal of a county seat, was intended to give this remedy in lieu of mandate or injunction, the purpose of allowing appeals in such a proceeding by persons who are not parties being to protect the public.   p. 117.

12.   COUNTIES.—*Removal of County Seat.—Appeal.*—The appeal allowed by §5858 Burns 1914, Acts 1885 p. 221, from a proceeding for the removal of a county seat is *ex parte* in character, an appeal by one inures to the benefit of all; and the procedure applicable in other special statutory proceedings or in civil actions does not apply.   p. 118.

13.   COUNTIES.—*Removal of County Seat.—Appraisal of County Buildings.*—In a proceeding for the removal of a county seat, the appraisement of the county buildings, as provided for in §5849 Burns 1914, Acts 1885 p. 221, is conclusive in the absence of fraud.   p. 118.

14.   COUNTIES.—*Removal of County Seat.—Dismissal of Proceedings.*—Where, in a proceeding for the removal of a county seat, the appraised value of the county buildings was in excess of $20,000, the board of county commissioners was not required by §5849 Burns 1914, Acts 1885 p. 221, to submit to an election the question of the relocation of the county seat, and the circuit court, on an appeal from the board, properly dismissed the matter on the record, no fraud having been alleged by the petitioners.   p. 118.

15.   COSTS.—*Recovery.—Power of Legislature.*—The right to recover costs and liability for the payment thereof are matters entirely for the legislature.   p. 118.

16.   COSTS.—*Liability for in Absence of Judgment.*—In the absence of a judgment for costs, the person making them are liable therefor.   p. 118.

17.   COUNTIES.—*Removal of County Seat.—Appeal.—Costs.—Appraiser's Fees.*—As the act of 1885 (Acts 1885 p. 221, §5849 *et seq.* Burns 1914) relating to proceedings for the relocation of a county seat, makes no provisions for the taxing of costs, persons appealing from the board of county commissioners are liable only for the costs made by themselves, and the fees of

the appraisers appointed under the act to appraise the real estate of the county must be paid by the county, as the services of the appraisers are for the benefit of the entire county. p. 119.

From Warrick Circuit Court; *Ralph E. Roberts,* Judge.

Proceedings on the petition of J. Fred Hall and others for the removal of the county seat of Spencer county, in which Frank Kincaid and others filed a remonstrance. From a judgment of the circuit court for remonstrants on appeal from the board of county commissioners, the petitioners appeal. *Affirmed.*

*Robert J. Tracewell, Robert N. Tracewell* and *Frank C. Gore,* for appellants.

*Elbert M. Swan, William C. Mason, Louis N. Savage, William H. Brown, John J. Brown, Allen J. Payton* and *Benjamin F. Huffman,* for appellees.

DAUSMAN, J.—Pursuant to the provisions of the act approved July 18, 1885, Acts 1885 p. 221, being §5849 *et seq.* Burns 1914, J. Fred Hall and others filed with the Board of Commissioners of Spencer county their petition for the removal of the county seat from Rockport to Chrisney. The petitioners complied with, and their petition conformed to, the requirements of said act. The petition was signed by 2,103 persons, being more than forty per cent. of the whole number of legal voters in said county. Four hundred and ten of said petitioners filed their withdrawal from said petition and were permitted to withdraw therefrom by the order of the board. On May 3, 1915, the board being in regular session, the following proceedings were had.

The city of Rockport and Frank Kincaid, a resident taxpayer and legal voter in said county, filed their separate motions to dismiss the petition, which motions were overruled. Said city and seven persons filed their separate demurrer to said petition, which demurrer was

overruled. Said city and seven persons filed their veri-
fied remonstrance against the petition and proceedings
and against the granting of the petition and the removal
of the county seat. The petitioners demurred to the
remonstrance, which demurrer was sustained. The re-
monstrators filed answer in denial. Thereupon the
board made the following finding and order:

"This cause and matter coming on for hearing
and the court having heard the evidence in same,
finds that said petition is sufficient and contains the
required number of names, more than forty per
cent. of the legal votes of said county as shown by
the vote of Secretary of State at the last general
election therein, and that the deed accompanying
and deposited with said petition is sufficient and
conveys legal title to the real estate therein de-
scribed, and that the abstract and evidence of title
accompanying and deposited with same discloses
good and sufficient title and that the affidavit of
signatures to said petition is sufficient and that the
petitioners have deposited with the auditor of said
county two hundred dollars for pay for architect,
and that the bond filed and deposited herein by pe-
titioners is sufficient and is approved by the court,
and that the notice given of the pendency of said
petition by the auditor of said county is sufficient
and was given the required length of time prior to
this meeting of said Board of Commissioners. It
is therefore ordered by said Board of Commission-
ers of Spencer County, Indiana, that the Auditor of
said County notify the Governor of Indiana to ap-
point three appraisers, as prescribed by law, to ap-
praise the real estate of said Spencer County, Indi-
ana, and that on receiving notice of such appoint-
ment and ascertaining a proper date, said Auditor
of Spencer County, Indiana, give proper notice of
the time and place of the meeting of such ap-
praisers to make said appraisement."

The auditor notified the Governor of the action of the
board, and thereupon the Governor appointed Hon.
Inman H. Fowler of Owen county, Hon. William H.
Vollmer of Knox county, and Hon. Benjamin F. Adams

of Monroe county, three disinterested persons, nonresidents of Spencer county, as commissioners, to examine the real estate of the county seat of Spencer county and to assess the value thereof, including the buildings and improvements thereon situate, as provided by §5849 Burns 1914, *supra,* and to perform all and singular the duties as such commissioners as provided by law. The auditor gave due notice of the appointment of said commissioners and that they would meet in the courtroom of the county courthouse in the city of Rockport, in Spencer county, at the hour of ten o'clock, a. m. on Tuesday, June 1, 1915, and would then and there proceed to perform all and singular their duties as such commissioners. At the time and place fixed in said notice, the said appraisers appeared and were duly sworn to faithfully, impartially and honestly examine and appraise the real estate belonging to Spencer county, Indiana, and the buildings and improvements thereon situate, being in the city of Rockport, and assess the value thereof according to their best judgment. The petitioners and the objectors and their respective counsel appeared before said appraisers; the appraisers made an examination of said real estate and the buildings thereon; a shorthand reporter was employed and a hearing was given; witnesses were examined by and in behalf of both the objectors and the petitioners as to the value of the real estate and the improvements thereon; after all the evidence had been taken and counsel had had the opportunity of being heard, the said appraisers assessed the value of the real estate and the improvements thereon, and one copy of the appraisement was filed with the auditor of Spencer county and the other copy was transmitted by mail to the Governor of the State. The valuation so fixed is as follows: real estate, $28,120; courthouse, $17,000; sheriff's residence, jail and barn, $7,000; other buildings, $3,650; total,

$55,770. On June 7, 1915, the petitioners and their attorneys appeared before the board and excepted and objected to the report of the appraisers and asked for a reappraisement of said property, which request was denied. Thereupon the board made the following finding and judgment:

"And this court having under consideration the matter of said petition and proceedings and the report of appraisal of said property made and filed by said appraising commissioners as appraisers duly appointed therein, and the report of said auditor of said county in relation to same, approves said reports and finds that the facts stated in said reports are true, and that the value of the county buildings of said county, as thus appraised are as follows: that the courthouse of said Spencer county, Indiana, is of the value of $17,000.00, and that the Sheriff's residence, jail and barn of said Spencer county, Indiana, on lots 46 and 47, W. R. Heynes Donation to Rockport, Indiana, is of the value of $7,000.00, and that the appraised value of said county buildings exceeds twenty thousand dollars, and that the appraised value of said real estate of said Spencer county, Indiana, belonging to said Spencer county, including the buildings and improvements thereon situate, is fifty-five thousand seven hundred and seventy dollars.

"It is therefore considered, ordered and adjudged by the court that the appraised value of the courthouse, sheriff's residence and jail and barn situate on the real estate of said county seat belonging to said Spencer county, Indiana, is twenty-four thousand dollars, and that the appraised value of the entire real estate of said county seat thereon situate is Fifty-Five Thousand Seven Hundred Seventy Dollars and that this court and Board of Commissioners has no authority or power to order an election on the question of the removal of the county seat of said Spencer county, Indiana, and that such an election is not ordered.

"And it is considered, ordered and adjudged that the petitioners herein pay the costs, including appraisers and witness fees herein, each petitioner being jointly and severally liable therefor in the

amount thereof up to the date of the withdrawal by any petitioner respectively, and this cause is ended."

The petitioners then prayed an appeal to the Spencer Circuit Court, which was granted on the filing of the required bond. A transcript of the proceedings before the board was duly filed in the circuit court of Spencer county by the county auditor. A change of venue was granted and the proceeding transferred to the circuit court of Warrick county. In the latter court the petitioners and remonstrators appeared. A large number of petitioners were permitted to withdraw—these withdrawals being in addition to the withdrawals before the board. Various other steps were taken, among which was the filing of a motion by the remonstrators for judgment in their favor on the record. This motion was sustained, and thereupon the court made the following finding and rendered the following judgment:

"Now on this December 20th, 1915, come the plaintiffs by Tracewell and Tracewell, their attorneys and come the defendants by Swan and Mason and L. N. Savage, their attorneys, and the court having under advisement the motion heretofore filed and made by the defendants for judgment in their favor on the record and proceedings herein and the appraisement heretofore made by the appraising commissioners appointed therefor herein by Hon. Samuel M. Ralston, Governor of Indiana, this court now here sustains said defendants' motion, and finds for the defendants and against the petitioners herein and that the remonstrants, defendants herein, are entitled to judgment herein, to which the petitioners herein at the time except and ask leave to file their motion to modify said finding and for a new trial herein, and the court now here fixes December 27th, 1915, a. m., to file same; and on motion of petitioners, by order of court the defendants' said motion for judgment and petitioners' exceptions thereto are made a part of the record herein. * * * And the court now here renders judgment against the plaintiffs, petitioners herein, and in favor of the said defendants,

remonstrants herein, on the finding of the court hereinbefore made.

"It is therefore considered and adjudged by the court that the plaintiffs, petitioners herein, take nothing in and by reason of their said suit and proceedings; and that the defendants, said objectors and remonstrants, to wit: Frank Kincaid, City of Rockport, David S. Hill, James J. Rimstidt, Logan M. John, John G. Rimstidt, Henry Maas, and James A. Hopkins, recover judgment against the plaintiffs herein; and that a reappraisement of said county seat property of Spencer county, Indiana, be not ordered herein, and no election for removal of said county seat be ordered, herein, and that the said petition for removal of said county seat herein be not granted; and that said defendants and each of them recover of and from the plaintiffs, petitioners herein, their costs by said defendants herein laid out and expended; and that said petitioners who have heretofore withdrawn from and dismissed said petition as to themselves, are each liable for only such of said costs as had accrued herein prior to each of their said dismissals respectively."

The petitioners' motion for a new trial was overruled before the rendition of the judgment. Afterward they moved to vacate and set aside the judgment; they also filed their motion "not to tax the fees and costs of the commissioners to appraise the lands and buildings" against them; and both said motions were overruled. The petitioners then prayed an appeal to this court, which was granted on terms fixed by the court. Then a large number of petitioners filed documents in which they declare that they do not want to be considered parties on appeal.

The following errors are assigned: (1) The court erred in sustaining appellees' motion for judgment on the pleadings; (2) the court erred in overruling appellants' motion for a new trial; (3) the court erred in overruling appellants' motion to set this case down for trial and afford them a trial therein; (4) the court

erred in overruling appellants' motion to vacate the judgment; (5) the court erred in overruling appellants' motion to not tax costs of appraisers to them.

In their assignment of errors appellants have provided for this cause the following title: "In the matter of the petition of J. Fred Hall, Charles W. Abbot, Henry Barker and all other petitioners too numerous to mention except those who have heretofore dismissed and withdrawn from said petition, Appellants, v. Frank Kincaid, City of Rockport, David S. Hill, James J. Rimstidt, Logan M. John, John G. Rimstidt, Henry Mass and James A. Hopkins, remonstrants, Appellees." The seven persons who, together with the city of Rockport, signed the remonstrance, are the persons named as the appellees. Six other persons have filed a joinder in error in which they designate themselves appellees; and these six have also assigned twenty-eight cross-errors.

The so-called appellees have filed a motion to dismiss the appeal on several grounds, among which are the following: (1) That all judgment defendants, shown by the record to have taken and joined in the appeal from the Warrick Circuit Court, are not named as appellants in the assignment of errors; (2) that the petitioners were not entitled to an appeal from the board of commissioners; (3) that this court has no jurisdiction.

The confusion of thought and expression manifested throughout the record is evidently due to the mistaken notion that this proceeding is governed by the

1. Civil Code. It is clear that this is not in any sense a civil action. Although it is conceded by all concerned that this proceeding is governed by said act of 1885, nevertheless there has been a failure to realize that said act does not contemplate an adversary proceeding. The petitioners are not plaintiffs. The petition is not directed *against* anybody, and bears no

analogy to a complaint. There are no property rights involved; there is nothing to litigate; and there can be no adversary parties. Under the statute no issue can be presented to the board of commissioners for its determination. Whether the removal of the county seat would be provident or improvident is to be determined by the voters themselves. The only controversy involved is to be debated in the campaign and a verdict rendered at the polls. The filing of the petition is necessary to give the board of commissioners jurisdiction. *Mode* v. *Beasley* (1896), 143 Ind. 306, 42 N. E. 727. It authorizes and invokes the action of the board of commissioners; and when it has done that, its purpose has been accomplished. The petitioners are not "parties" in the ordinary legal sense of that term. Ewbank's Manual, ch. 12; Elliott, App. Proc., ch. VII. The filing of the petition cannot be regarded as an invitation to those who are opposed to relocating the county seat to come in and assume an attitude of antagonism and hostility to the petitioners. The statute makes no provision for the filing of motions, demurrers, answers or re-

2. monstrances. Such a thing as a remonstrance is unknown to both the common law and the Code. It is of purely statutory origin, is for use only in special proceedings, and can be filed in no case unless specifically authorized by statute. *Keiser* v. *Mills* (1903), 162 Ind. 366, 371, 69 N. E. 142; *Goodrich* v. *Stangland* (1900), 155 Ind. 279, 285, 58 N. E. 148; *Morgan Civil Tp.* v. *Hunt* (1886), 104 Ind. 590, 4 N. E. 299.

By the terms of the act under consideration no

3. way whatever has been provided whereby persons may come before the board of commissioners and make themselves parties to the proceeding in opposition to the petitioners. In a special proceeding of this character persons cannot come voluntarily be-

fore the board of commissioners or the circuit court and make themselves parties, even though they are interested as citizens, voters or taxpayers, unless a way so to do is provided by the statute itself. *Board, etc.* v. *Wild* (1905), 37 Ind. App. 32, 76 N. E. 256. Nor can they be permitted to initiate themselves on appeal. *Maule Coal Co.* v. *Partenheimer* (1900), 155 Ind. 100, 55 N. E. 751, 57 N. E. 710. The participation in this proceeding by the so-called appellees, as well as those other persons who have filed the joinder in error and the cross-errors, is wholly voluntary and gratuitous. The

4. proceeding to relocate a county seat is a special proceeding for a special purpose, based on a special statute; and the duties of the board of commissioners therein are ministerial, not judicial. *Board, etc.* v. *State, ex rel.* (1896), 147 Ind. 476, 494, 46 N. E. 908; *Mode* v. *Beasley, supra; Platter* v. *Board* (1885), 103 Ind. 360, 374, 2 N. E. 544. Consequently in this proceeding there can be no "parties" within the meaning of that term as used in the Civil Code.

It is true, as counsel contend, that within the strict meaning of the word as used in law matters, there can

5. be no appeal except from a decision involving the exercise of judicial power. In strict legal contemplation an appeal is the removal of a civil action from an inferior court to a superior court.

6. Elliott, App. Proc. §15. Even under the broad language of §6021 Burns 1914, §5772 R. S. 1881, there can be no appeal from the board of commissioners in a matter purely administrative or ministerial. Elliott, App. Proc. §78; *Grusenmeyer* v. *City of Logansport* (1881), 76 Ind. 549; *Farley* v. *Board* (1891), 126 Ind. 468, 26 N. E. 174. But the situation is

7. given a different aspect by the provisions of §10 *supra,* of the act now under consideration. Section 10 is in the following language: "In all cases of

location or removal of county seats, there shall be allowed an appeal to the circuit court and to the supreme court by any person or persons aggrieved thereby, under the same regulations as now provided by law for appeals in other cases from the board of commissioners and from the circuit court, the party appealing giving bond for costs, as may be required by the board of commissioners or by the judge of the circuit court."

By the plain language of this statute the legislature has expressly authorized an appeal to the courts from a ruling, an order or a decision of the board of commissioners in a matter purely administrative or ministerial. In matters of somewhat similar character the legislature has authorized appeals to the courts from such governmental agencies as the board of town trustees, the common council of a city, the board of public works of a city, the county surveyor, the state board of medical registration, the Public Service Commission, and the Industrial Board. In all these instances the word "appeal" is used in a special and restricted sense.

Section 6021 Burns 1914, *supra,* being part of the general law governing the procedure before boards of commissioners, is in the following language: "From any decision of such commissioners there shall be allowed an appeal to the circuit court by any person aggrieved; but if such person shall not be a party to the proceeding, such appeal shall not be allowed unless he shall file, in the office of the county auditor, his affidavit, setting forth that he has an interest in the matter decided, and that he is aggrieved by such decision, alleging explicitly the nature of his interest."

These two sections must be construed together. *Grusenmeyer* v. *City of Logansport, supra; Houk* v. *Barthold* (1880), 73 Ind. 21. It has been held uniformly that a person who is not a party to a proceed-

ing before the board of commissioners cannot appeal from the decision therein unless he complies with the provisions of the latter section of the statute above set out. *Fordyce* v. *Board* (1867), 28 Ind. 454; *Robinson* v. *Board* (1871), 37 Ind. 333; *Alexander* v. *McCordsville, etc., Gravel Road Co.* (1873), 44 Ind. 436; *Whisenand* v. *Belle* (1899), 154 Ind. 38, 55 N. E. 950; *Van Auken* v. *Hook* (1892), 6 Ind. App. 610, 34 N. E. 104; *Robbins* v. *Board* (1899), 24 Ind. App. 341, 56 N. E. 729; *Workman* v. *Bent* (1909), 45 Ind. App. 75, 90 N. E. 85. Whether the petitioners are parties to the proceeding in a limited and peculiar sense, and whether the petition, the affidavit filed therewith, and the action of the board of commissioners thereon, sufficiently show the interest of the petitioners to constitute a strict compliance with the statute so as to entitle them to an appeal without the filing of any other affidavit, are questions we need not decide. We cannot say

8. that no other affidavit was filed. The circuit court exercised jurisdiction, and we must assume that it did so rightfully. *Houk* v. *Barthold, supra; Whisenand* v. *Belle, supra; Holman* v. *Robbins* (1892), 5 Ind. App. 436, 31 N. E. 863.

Under modern practice the right of appeal is deemed wholly statutory, except where expressly secured by the Constitution. It follows, therefore, that all

9. the requirements of the statute for taking and perfecting an appeal are deemed jurisdictional and must be strictly complied with. 2 Ency. Pl. and Pr. 16; 3 C. J. 616; *Lake Erie, etc., R. Co.* v. *Watkins* (1901), 157 Ind. 600, 62 N. E. 443; *Lafayette, etc., R. Co.* v. *Butner* (1903), 162 Ind. 460, 70 N. E. 529; *Amacher* v. *Johnson* (1910), 174 Ind. 249, 91 N. E. 928; *Collins* v. *Laybold* (1914), 182 Ind. 126, 104 N. E. 971; *Cain* v. *State* (1905), 36 Ind. App. 51, 74 N. E. 1102. Although the courts cannot recognize an un-

authorized appeal, neither can they refuse to entertain an appeal expressly and competently granted by statute. In other words, a statute conferring the right of appeal ought not to be abridged as to the right itself by strict construction; but on the contrary, being remedial, it should be liberally construed. *Houk* v. *Barthold, supra.* Evidently the legislature intended by the terms of §10, *supra,* to give to any person aggrieved the simple, direct and adequate remedy by appeal, in lieu of the remedy by injunction or mandate, in the event that the board of commissioners should act wrongfully or wrongfully refuse to act at all. *State, ex rel.* v. *State Board, etc.* (1909), 173 Ind. 706, 91 N. E. 338. The fact that the word "person" is used in said section rather than the word "party" is of marked significance. 3 C. J. 620. But the legislature was careless in its terminology; for in the latter part of the section it has used the word "party" synonymously with "person". The broad purpose underlying appeals from the board of commissioners by persons who are not parties, is to protect the public by thus enabling any interested person who is aggrieved to invoke the aid of the circuit courts, which courts are presided over by judges who are learned in the law and devoted to the cause of justice. This purpose is emphasized by §6027 Burns 1914, §5778 R. S. 1881, which provides: "Such court may make a final determination of the proceeding thus appealed, and cause the same to be executed, or may send the same down to such board, with an order how to proceed, and may require such board to comply with the final determination made by such court in the premises."

From the foregoing general considerations we conclude that it is our duty to entertain the appeal and dispose of it on the merits in order to give effect to the legislative intent. But the appeal is, in its

very nature, *ex parte* in character. The subject-matter involved affects every citizen of Spencer county; and in contemplation of law their several rights are equal. An appeal by one inures to the benefit of all. The rules of procedure applicable in civil actions do not apply here. Nor can we apply to this proceeding the procedure prescribed in other special statutory proceedings; for each special statutory proceeding must stand alone, unless otherwise provided in the statute itself. (1) The appraisement of the county buildings is final and conclusive in the absence of fraud; and when the report of the appraisers was filed in the office of the county auditor, the board of commissioners had no jurisdiction to proceed further. *Mode* v. *Beasley, supra.* (2) The circuit court did not err in disposing of the matter on the appraisement laid before it by the county auditor. The appraisement could be attacked only for fraud; and, since fraud was not asserted by the petitioners, there was nothing to try. (3) The right to recover costs and the liability to pay costs are matters entirely for the legislature. *Latshaw* v. *State, ex rel.* (1900), 156 Ind. 194, 59 N. E. 471. The various statutes on the subject of taxing and collecting fees by public officers contemplate that a person who procures the services of a public officer, for which services the officer is required by law to tax and charge a fee, shall be personally liable therefor and that the payment thereof may be enforced against him by a fee-bill. *Nelson* v. *Turner* (1855), 7 Ind. 36; *Martindale* v. *Tibbetts* (1861), 16 Ind. 200; *Armsworth* v. *Scotten* (1868), 29 Ind. 495; *Taylor* v. *Wright* (1884), 93 Ind. 121. In the absence of a judgment for costs, the costs are upon the person making them. *Chicago, etc., R. Co.* v. *Cason* (1898), 151 Ind. 329, 50 N. E. 569. The act of 1885,

*supra,* is silent on the subject of costs, except 17. the reference thereto in §10. The only other statutory provision relating to costs which is applicable in any degree to this proceeding is found in §6022 Burns 1914, §5773 R. S. 1881, But these provisions do not imply that the person appealing shall pay the costs made by other persons who are strangers to the appeal and who have no standing either before the board of commissioners or in the circuit court. We find no statute authorizing the taxing of appraisers' fees; and no officer may tax any fee that is not legally allowable under the statutes. §7355 Burns 1914, Acts 1883 p. 48. *Benson* v. *Christian* (1891), 129 Ind. 535, 29 N. E. 26. In the absence of any statute to the contrary, we conclude that appellants are liable only for the cost made by themselves. The services of the appraisers are of a special character and are rendered for the benefit of all the people of the county, and the reasonable cost of making the appraisement should be allowed by the board of commissioners and paid by the county.

The circuit court is directed to modify its judgment, with respect to costs only, in conformity with this opinion; and the judgment as modified is hereby affirmed.

NOTE.—Reported in 115 N. E. 361. Counties: removal of county seat, proceedings, 11 Cyc 372, 373; submitting question of relocation of county seat to vote of electors, 61 Am. Dec. 519; nature of appeal from board of county commissioners, 3 C. J. 314, 11 Cyc 405-408.